LOUIS DUHME, ADMINISTRATOR, ET AL., v. CHRISTINA MEHNER, ADMINIS-
TRATRIX, ET AL.

1. SETTING ASIDE TRANSACTION—NOT FOR RECOVERY OF MONEY ONLY.

An action to cancel and set aside receipts fraudulently obtained by an administrator of
a decedent's estate from some of the distributees thereof, and to compel said adminis-
trator to pay said distributees, respectively, certain amounts from the trust fund in his
hands, is not an action for the recovery of money only, but is one that can be appealed
from a judgment of the common pleas court, rendered therein, to the circuit court.

2. PETITION MUST SHOW SOMETHING DUE DISTRIBUTEES ON SETTLEMENT OF ESTATE.

In such an action, if the petition fails to allege or disclose that there has been a settle-
ment of the estate by the administrator, and a balance found in his hands coming to
plaintiffs as distributees, they have no right to recover anything as their distributive
shares of said estate.

HEARD on appeal; motion to dismiss appeal.

SMITH, J.

The question submitted to us is whether the appeal taken by the plaintiffs
from the judgment of the court of common pleas should be dismissed for the
reason assigned in the motion, viz., that the action is one in which no appeal can
be taken—that it is one in which the relief sought is a judgment for money only,
and in which either of the parties were entitled to a trial by jury in the court of
common pleas.

The petition, as filed, sought relief as against Christina Mehner as an indi-
vidual, and other relief against her as administratrix of the estate of her deceased
husband, Louis Mehner. It was brought by Duhme as the administrator of the
estate of Florence L. Thompson, deceased, who was a daughter, heir at law and
one of the distributees of the estate of Louis Mehner, deceased, and by Georgia
M. Thompson, a child and heir at law of said Florence, and by Albert W.
Mehner, a child, heir at law and distributee of the estate of said Louis Mehner.

By the petition it was averred that after the death of Louis Mehner, who
was the owner of a large amount of real estate described therein, Florence L.
Thompson, then in full life and a married woman, was induced by the fraudulent
conduct and false and fraudulent representations of said Christina Mehner to con-
vey to her the whole of her interest in the real estate, inherited by her from her
father, without any consideration whatever. It is averred that said Christina
Mehner still holds the same, and the petition prays that such deeds, so fraud-
ulently obtained, may be set aside and held for naught. Several persons who
claim to have liens thereon, given by Mrs. Mehner, are made parties.

There can be no question whatever that by these averments a cause of action
was set forth which would entitle any of the parties affected thereby to appeal
from a judgment or decree rendered thereon by the court of common pleas. It
appears, however, from the transcript of the journal entries of that court, that in
so far as this cause of action was concerned, it was heard by the court separately
from the other cause of action set out in the petition, and a decree was entered
by the court December 31, 1892, adjudicating as to the rights of the parties in so
far as the real estate was concerned, and no appeal was taken therefrom.

The other claim or cause of action set up in the petition was substantially
this: That on the death of Louis Mehner, his wife was appointed administrator
of his estate in this county. That she took possession of all of his personal
property, and thereby became, and still is, the trustee of an express trust of
which the plaintiffs are the beneficiaries. That there were no debts of said es-

tate. That by divers fraudulent practices and false and fraudulent representations, she procured the said Florence L. Thompson, then a young married woman, wholly ignorant of business affairs, and acting without other advice, and by reason of the dominion exercised over her by her mother, to sign a receipt to the said Christina, as administratrix, for her distributive share of such estate, without any consideration therefor. There are also somewhat similar statements as to the obtaining of a receipt from the guardian of Albert W. Mehner, and it is averred that said receipts are false and fraudulent, and that none of the plaintiffs have ever received any money or property from said estate. It is further averred that said administratrix, as trustee of plaintiffs, still has in her hands as trustee for the administrator of the estate of Florence L. Thompson, deceased, $21,900, and a like sum as trustee for Albert W. Mehner, with interest from August 1, 1877. (There are these allegations as to another of said distributees, not necessary to be now stated.)

The prayer of the petition is on this point, substantially this—that the court by its decree annul, set aside and cancel said receipts so fraudulently obtained, and that said administratrix be directed to pay, of the trust funds still in her hands, to the said parties respectively, the said amounts so alleged to be due them, with interest from August 1, 1877.

It will be seen from the foregoing abstract that there is no averment in the petition that said administratrix ever filed her account as such for settlement, or that her account was ever settled in any way. If such averment had been made, we incline to the opinion, though we have not examined the law on the subject, that an action would lie to impeach a settlement, where a receipt thus fraudulently obtained, had been used to show a payment of a distributive share to one entitled thereto, when such payment had as a matter of fact, not been made, and this clearly would be an equitable case, and one in which an appeal would lie. But as no such allegation is made as to any settlement by the administratrix, the question remains whether, under the law as it now stands in Ohio, the allegations of the petition make such an equitable case as gives a party a right to appeal.

It is clear, we think, that under the rules and practice of courts of equity as heretofore administered in this state as elsewhere, they would interfere to require the delivering up and the cancellation of "instruments which are voidable, or instruments which are in reality void and yet apparently valid. This is done upon the principle, as it is technically called, *quia timet*, that is, for fear that such instruments may be vexatiously or injuriously used, when the evidence to impeach them may be lost or diminished, or for fear that they may throw a cloud or suspicion over the plaintiff's title or interests. * * * But where the illegality of the instrument appears on the face of it, so that it readily can admit of no doubt, equity will not interfere; because in that case the ground for interference does not exist." Smith's Manual of Equity, 396–7; and it is clear that the doctrine applies to cases where such instruments have been obtained by fraud, as is alleged in this case.

But two reasons are alleged why the appeal will not lie in this cause, as we understand counsel. The first is that in this case the primary and principal relief sought is a judgment for money only; and second, that an equitable ground for interference by the court for the cancellation of the receipts is not presented; that it is wholly unnecessary to order the cancellation of the receipts, for the reason that their validity may be shown in any proceeding at law in which they might be relied upon by the administratrix.

As to these objections we may say briefly, that in our view the action is not one for the recovery of money only, but the equitable relief of cancellation of the receipts is the primary, and indeed, on the allegations of the petition, the only relief which could be granted. Evidently, if there has been no settlement of the estate by the administratrix, and a balance found in her hands coming to the plaintiffs as distributees, they would have no right to recover in an action of this kind anything as their distributive share of the estate. An action might be

brought upon the bond given by her, for a breach of its conditions, but, as we understand the law, until something is found due by the court to distributees on a settlement of the account, they cannot recover for any amount as due to them as such, in this kind of an action.

But here there are no allegations in the petition of any settlement. For all that appears from the petition the estate has not been settled, and the receipts given have never been used by the administratrix, but may yet be used by her. Why should not the plaintiff by this proceeding, *quia timet*, seek the cancellation of those papers that she may not use them? It seems to us that the pleading is not well drawn to meet the real case. We suppose from what has been said in argument that a settlement was in fact made, and those receipts used to balance the amount due plaintiff, and therefore, in our judgment, the better plan would be to attack the settlement for fraud and not proceed for the cancellation of the receipts, and pray for a decree for the payment of money by the administratrix, which gives some color to the idea that the relief sought is a judgment for money.

But in view of the whole case shown by the petition, we think it presented an equitable case for the cancellation of the receipts. The motion to dismiss will be overruled.

*Follett & Kelley, Francis Lampe* and *Edmund K. Stallo*, for the motion.
*J. J. Glidden, contra.*