**HODESH v HALLERMAN**

Ohio Appeals, 1st Dist, Hamilton Co

No 4156. Decided Jan 9, 1933

Lewis Levy, Cincinnati, for plaintiff in error.

Robert N. Gorman, Cincinnati, and Stanley A. Silversteen, for defendant in error.

HAMILTON, J.

There are several specifications of error presented. Among them is the claim that the statute of frauds presents an absolute bar to the claim that there is any validity in the lease, and that by reason thereof the question of agency in the form presented is not available.

We will first take up the question of the statute.

Sec 8510, GC, provides:

"A deed, mortgage, or lease of any estate

or interest in real property, must be signed by the grantor, * * *."

It must be borne in mind that the lease in issue was not signed by the owner of the property. To overcome this obstacle, as heretofore stated, Hallerman seeks to invoke the rule of estoppel as against her by virtue of the fact that the lease, while signed by Isadore Hodesh, that he being the husband of Jeanette Hodesh and the manager of her property, that she would not be heard to deny the lease.

Sec 8512, GC, provides:

"A power of attorney for the conveyance, mortgage, lor lease of any estate or interest in real property, must be signed, attested, acknowledged, and certified in the same manner as deeds, mortgages, and leases."

We have, therefore, the situation of an agent signing the lease in his own name, without any written authority therefor. This situation furnishes a complete bar to any claim as against the owner of the property, in this case Jeanette Hodesh.

It is suggested in the brief that §8517, GC, is a saving clause, in that the lease is a temporary lease, and §8517 GC provides:

"Nothing in this chapter contained shall affect the validity of any lease * * * for any term not exceeding three years; * * *."

And argues that the lease being for six months, with the privilege of renewal for four years and six months, does not take the lease out of the class of temporary leases, but that it remains a lease for six months. This contention is answered in the case of **The People's Building, Loan & Savings Co. v McIntyre et, 14 Oh Ap, 28,** wherein this court held:

"The option provided in the lease for four consecutive years must be held to be "an interest in real property," and would bring the lease within §8510 GC, requiring acknowledgment and attestation of the same."

This is further supported by the case of Toupin v Peabody, 162 Mass., 473, where in the course of the opinion the court states:

"A lease for five years, with the right to have a renewal for five more, is as much within the mischief which the statute seeks to remedy as a lease for a term of ten years, and the reasons for requiring the latter to be recorded apply equally to the other, so far as the renewal term is concerned."

Our conclusion is that the lease is within the terms of §8510, GC, requiring the same to be signed by the grantor, or her agent, under power of attorney executed in accordance with §8512, GC.

There being no binding lease upon Jeanette Hodesh, the owner of the property, she was not and could not be liable for a breach.

Since this determines the case, the other questions are not considered.

The judgment of the Court of Common Pleas will be reversed and that of the Municipal Court affirmed.

ROSS, PJ, and CUSHING, J, concur.

ON APPLICATION FOR REHEARING

Decided Feb 27, 1933

HAMILTON, PJ.

On the application for a rehearing of this cause, the court has reconsidered the question of the defense of the statute of frauds.

It is urged by counsel for the defendant in error in his application for rehearing that the term of the lease is severable, thereby making it a lease for a period of six months, with the privilege of renewal on condition that the owner was the owner of the property at the expiration of the six months period.

The court in the former opinion held that the lease was for a five year term, but passing that question, it held that the lease was not properly executed by the agent, for the reason that there was no power of attorney authorizing the agent to execute the lease.

It is also claimed that if the lease was defectively executed, it should operate as a contract to make a lease and be enforceable in equity, and that the rights for damages for the breach would still lie. On this point we have the case of **The Lithograph Building Company v Watt, 96 Oh St, 74.** The third paragraph of the syllabus in that case is:

"A lease, defectively executed, will in equity be treated as a contract to make a lease, but if executed by one acting as agent not actually authorized by the owner to enter into such contract, the instrument is

ineffective as a contract to make a lease and not enforceable against the owner."

It will be noted that there is nothing in the record to show **actual authorization** by the owner to enter into such contract. They claim that Isadore Hodesh, the husband, having managed the property and collected the rents would estop the plaintiff from denying the lease. This is determined in the 6th paragraph of the syllabus in Lithograph Building Company v Watt, supra, which holds that the collecting of rentals and the ejection of lessee for non-payment of rentals, does not estop the owner from questioning the validity of the lease. If this would not estop the plaintiff, much less would it estop her when the rentals were collected by another party.

. There is no written authorization whatsoever from the owner to the party executing the lease. The lease was executed in the personal name of the claimed agent. There is no indication that he was acting for her, and there is no power of attorney authorizing him to make any lease or to do anything concerning the property.

As stated in the original opinion, the statute provides that: "A power of attorney for the conveyance, mortgage, or lease of any estate or interest in real property, must be signed, attested, acknowledged, and certified in the same manner as deeds, mortgages, and leases."

If the lease should be construed as a temporary lease, this section would require the authority of the agent to be executed as required by the formalities under the statute.

While it is true in the Lithograph Company case the fact that the power of attorney was not recorded did not invalidate the lease as between the parties, it was held that the want of acknowledgment renders the lease executed by the agent invalid.

Furthermore, in the case of **Norris v Dains, 52 Oh St, 215,** it was held that it was an indispensable requisite to give validity to a deed executed by an attorney, that it should be made in the name of the principal; that the agent cannot in his own name, nor as a proper act execute the instrument.

We have in this case the execution of a lease by Isadore Hodesh in his own name, and as his proper act, without written authority, of property in question which he did not own. It follows that there are two reasons why the statute of frauds is a good defense in this action: First: that there was no power of attorney as required by

the statute; and, Second: That the lease was executed in the name of the individual who did not own the property, and therefore invalid.

We, therefore, adhere to our former decision.

An entry may be presented accordingly.

ROSS and CUSHING, JJ, concur.