## GELMAN v. HOLLAND FURNACE CO.

Ohio Appeals, Ninth District, Lorain County.

June 8, 1948.

**540**

Levin & Levin, Lorain, for appellant.
Keep & Scholz, Lorain, for appellee.

## OPINION

By HUNSICKER, J.

In this appeal on questions of law and fact, the appellant (plaintiff below), Sarah Gelman, says that she entered into a written lease with the appellee (defendant below), Holland Furnace Co., a corporation, whose principal place of business is in Holland, Michigan.

Appellant further alleges that: she understood the lease to be for one year, and, inasmuch as she is unable to read the English language, she did not know that there had been inserted in the lease a privilege to the appellee company of extending the lease for five successive periods of one year each; said option clause was inserted in the lease by appellee company wrongfully and with the purpose of defrauding and deceiving the plaintiff; the agreement as executed does not represent a meeting of the minds of the parties, nor the agreement of the parties; she has no adequate remedy at law. The prayer of her petition is that the option clause be rescinded, cancelled and declared null and void.

The appellee company admits the parties entered into a lease, and that there is a provision in said lease granting the appellee company the privilege of renewing the lease for five successive periods of one year each at the option of said company. It denies all other allegations of the petition.

The appellant filed a reply in this court, which denies those things in the answer not admitted in the petition, and alleges that the lease is not attested by two witnesses, is not recorded, and is hence void by reason of the provisions of §8510 GC.

The facts disclose that: appellant had leased the premises herein to appellee company for many years in a succession of one-year leases; the agents of the company brought to appellant, before the expiration of the term of the prior lease,

the lease here under consideration; Mrs. Gelman could not read the English language; the agents of the company asked her to sign the written lease they had prepared, but did not state that it contained a renewal privilege; Mrs. Gelman, after keeping the lease several days in her possession, signed it and acknowledged it before a notary public; the lease was never read nor the contents thereof explained to Mrs. Gelman by the agents of appellee company, nor did she have anyone read it to her while she retained possession of it before she signed it; the agents of the company forwarded the lease to their home office, where it was signed and acknowledged by the proper officers of the company, and then it was delivered by the agents of the company to Mrs. Gelman; the lease was not attested in the presence of witnesses by either Mrs. Gelman or the officers of appellee company.

This hearing de novo has before it the reply, which was first filed in this court, and which was not before the court below for consideration. The defendant company did not demur or otherwise object to its being filed and considered, although in its brief it says the claim of invalidity by reason of the failure to have the lessor's signature attested by witnesses is a departure from the allegations of the petition and hence cannot be considered here.

The cause of action is for cancellation and rescission of the option clause, based on its invalidity because of fraud and deceit in securing the execution of the lease. The reply says that the lease is void because not executed in conformity to law.

The lease was introduced in evidence and is before us for consideration. From a reading of the lease, it is evident that more than the first year of the term has elapsed before this case is heard by this court de novo.

Consideration should be given to all the evidence before us, to determine whether the plaintiff is entitled in this action to the relief she seeks, notwithstanding the reason assigned in asking for such relief.

Sec. 8510 GC, in its pertinent part, reads as follows: "A * * * lease of any estate or interest in real property, must be signed by the * * * lessor, and such signing be acknowledged by the * * * lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation."

Is a lease for one year, with an option in the lessee to extend such lease for five successive additional years, and "estate

or interest in real property" that is required to be executed in compliance with §8510 GC?

"It has been decided, for the purpose of determining the applicability of a statute restricting the period for which a lease can be made, that the lease is invalid if the sum of the original term and the renewal term exceed the period named in the statute * * *." 2 Tiffany, Landlord and Tenant, Sec. 219.

The lessee herein has the privilege of an extension under the terms of this lease. No new agreement and lease need be executed, and all that the lessee is required to do is give notice to the lessor of its intention to continue to occupy the premises. The appellee company would then hold the premises under the terms of the original lease. **Gross v. Clauss, 6 Oh Ap 140.**

It is well settled that a parol lease for a term not to exceed three years is valid if accompanied by a change of possession. If the lease in the instant case is for but one year, it is valid. If, however, the option period of renewal must be considered an integral part of the lease, which must be added to the year principally granted, then the term of the lease is for six years and void because not properly attested by witnesses.

In the case of **People's Bldg., Loan & Savings Co. v. McIntire et al., 14 Oh Ap 28,** the court held that:

"1. A lease of real property for a term of one year with an option of renewal for four consecutive years is an interest in real property within the purview of §8510 GC, requiring acknowledgment and attestation.

"2. Such a lease is void when not properly acknowledged and attested, and a lessee in possession thereunder is a tenant from year to year, at the will of the lessor, and subject to all the provisions of the lease excepting duration." See also: **Hodesh v. Hallerman, 45 Oh Ap 278,** at page 281, 186 N. E. 921; **Gross v. Clauss, supra, 6 Oh Ap** at page 143.

The lease herein sought to grant an interest in real property for the full term of six years named therein, and such lease was required to be attested in conformity with the provisions of §8510 GC.

The right of a landlord to cancel a defective lease in equity has not been passed upon by our Supreme Court in any case that has come to our attention; but that court, in the case of **Wineburgh v. Toledo Corporation, 125 Oh St 219, 181 N. E.**

20, 82 A. L. R. 1315, which was an action at law, in commenting on the early Ohio case of **Richardson v. Bates, 8 Oh St 257,** said, **125 Oh St** at page 222, 181 N. E. at page 21: "Since that decision was made, this court has held that an entry by a lessee under a lease, defectively executed, for a term of years, at an annual rental, creates a tenancy only from year to year * * *." The court further said, **125 Oh St** at page 223, 181 N. E. at page 21: "Whether reformation or other equitable remedy is available to the landlord under this or similar circumstances, it is not necessary to decide in this action, for that question is not here presented."

The majority rule is that equity will not assume an original jurisdiction to cancel an instrument that is void on its face, where no extrinsic evidence is necessary to establish its invalidity. Duhme, Adm'r v. Mehner, Adm'x, 6 Ohio Cir. Dec. 78, at page 79; **6 O. Jur., Cancellation of Instruments, pg. 541, Sec. 30;** 4 Pomeroy's Equity Jurisprudence, Fifth Ed., Sec. 1377.

There is, however, an ancient rule in equity jurisprudence that, where the jurisdiction of equity has been properly invoked, it may retain the entire case in order to do complete justice. This rule is especially true in those states where, as in this state, the distinction in modes of procedure between equity and law has been abolished. **Art. XIV, Sec. 2, Ohio Constitution,** and §11306 GC. 30 C. J. S.., Equity, § 73, note 39 on page 428, and cases there cited.

This rule has long been recognized in Ohio, as evidenced by the statement of Judge Spear, in the case of **Gantz v. Gease et al., 82 Oh St 34,** at page 46, 91 N. E. 872, at page 875, where he said: "And, applying the long-established rule of equity that where a court of chancery has obtained jurisdiction of a cause for one purpose, it may retain it generally and proceed to final determination of all matters at issue * * *." See also: **McCormick v. McCormick, 124 Oh St 440,** 179 N. E. 286; **Lyons et al v. Chapman, 40 Oh Ap 1,** 178 N. E. 24; **16 O. Jur., Equity, pg. 80, Sec. 34,** and cases there cited; 1 Pomeroy's Equity Jurisprudence, Fifth Ed., Secs. 231 and 241.

In the instant case we recognize that the cause .of action for cancellation on the ground of fraud and deceit properly invoked the equity powers of the court; and, when the invalidity of the lease on legal grounds was asserted, based on the provisions of §8510 GC, coupled with the claim of equitable relief, this court had before it a proper case in which to invoke the rule of equity that the entire case be retained in order to proceed to a final determination of all matters at issue.

Applying the equity rule of retention, we declare the lease

void because not properly attested as required by §8510 GC, and decree its cancellation.

In view of the above decision, it is not necessary to pass on the question of fraud and deceit.

A decree for the appellant may be prepared, in accord with this opinion.

DOYLE, PJ, and STEVENS, J, concur.