**JAFFE, Plaintiff-Appellant, v. PATTERSON REALTY COMPANY and WEBSTER CLOTHES, Inc., Defendants-Appellees.**

No. 2285.   Decided July 21, 1955.

Pickrel, Schaeffer & Ebeling, Dayton, for plaintiff-appellant.

Smith, Schnacke & Compton, Dayton, for defendant-appellee, Patterson Realty Company.

Kusworm & Kusworm, Dayton, for defendant-appellee, Webster Clothes, Inc.

## OPINION

By THE COURT.

Each of the defendants has submitted motions seeking a new trial and in which we find the only new matter presented is whether the Court exceeded its jurisdiction when it ordered that "the said Webster Clothes, Incorporated, shall upon demand by plaintiff forthwith vacate said premises."

The equitable principles applicable to the factual situation presented herein seem to be clearly set forth in **16 O. Jur., 74, Section 30** as follows:

"The procedure of equity, and the nature and operation of its decrees, enable it to settle and adjust, in one suit, rights and interests which in courts of law result in various issues requiring numerous actions and trials, sometimes between different parties. The maxim is, 'equity abhors a multiplicity of suits'; and the chancery courts were disposed to exercise their powers to that end in order to relieve against the anomaly of repeated trials of the same issue, and the consequent vexation and expense visited upon the party thus exposed to the multiple actions, if this could be done without substantially sacrificing the material interests of any of the parties. The principle that equity strives

to avoid a multiplicity of suits has a double application. In the first place, it governs courts of equity in the administration of their remedies, where their jurisdiction attaches on other grounds. Thus circuity of action is dispensed with, in securing the ultimate equitable relief to which the plaintiff shows himself entitled; and jurisdiction, once obtained, is retained until the full justice is done between the parties. So, as to parties, the old rule was that suits must be prosecuted by the real parties in interests, and that all who were united in interest must be joined; also, that all persons materially interested, either legally or equitably, in the subject-matter, ought to be made parties to the suit, either as plaintiffs or as defendants, so that there might be a complete decree which should bind them all and terminate litigation."

Continuing further at page 88, Section 34, it is said:

"The disposition to avoid circuity of action and multiplicity of suits induces a court of equity which has once assumed jurisdiction of a cause on any equitable ground to take cognizance of and determine all phases of the subject-matter in controversy, and to retain jurisdiction until these are completely disposed of, though this may involve the determination of legal issues and the granting of legal remedies. On this principle, often expressed in the maxim, 'equity delights to do justice, and not by halves,' the ultimate equitable relief indicated by the facts pleaded and found will be awarded, though primary relief of another character may be the principal object of the suit. So, upon the reformation of an instrument evidencing an executory obligation running to the plaintiff, the court may, if circumstances require, retain control and award specific performance. Of, if the ultimate relief is the recovery of money, but a primary equitable remedy, such as the one mentioned, is necessary to clear the way for the recovery, the suit will be retained, the amount due as debt or damages ascertained, and a decree therefor given, all without the intervention of a jury, and without altering the chancery nature of the case, under present Ohio statutory and constitutional provisions."

In **Railroad Co. v. Steinfeld, 42 Oh St 449**, the Court held that in the same action a written instrument may be reformed and decreeing its specific enforcement. Citing **White v. Denman, 1 Oh St 110; Davenport v. Sovil, 6 Oh St 459**; and **Insurance Co. v. Williams, 39 Oh St 584**. The same legal principle is defined in the case of **Gelman v. Holland Furnace Co., 59 Abs 539, paragraph 3** of the syllabus:

"The cause of action for cancellation on the ground of fraud and deceit properly invokes the equity powers of the court, and when the invalidity of the lease on legal grounds is asserted, based on the provisions of §8510 GC, coupled with the claim of equitable relief, the court has before it a proper case in which to invoke the rule of equity that the entire case be retained in order to proceed to a final determination of all matters at issue."

Each of the motions will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.