OPINION
{¶ 1} Appellant, Charles W. Reed ("Reed"), appeals the March 31, 2003 judgment entry of the Ashtabula Municipal Court dismissing his small claims complaint for breach of a written contract against appellee, Amy E. Hallgren ("Hallgren"). For the reasons stated below, we affirm the decision of the municipal court.
 {¶ 2} On January 31, 2000, Reed and Hallgren entered into a lease agreement whereby Hallgren rented property located at 1648 W. 4th Street in Ashtabula, Ohio. The lease states as follows: "Agreement by and between: CHARLES REED property mgr. And AmyHallgren, Mick Radwancky * * * Tenant agrees to rent said dwelling for the sum of $500 per month * * * beginning with the month of February, 2000 And continuing for a period of not less than 12 Months." Thereafter, a dispute arose regarding back rent. Reed filed his claim against Hallgren and, on March 27, 2003, the matter was heard before a magistrate. The magistrate determined that Reed was only the property manager and that the property itself was owned by Reed's stepson, who was not made a party to this action. The magistrate held that Reed was not the real party in interest and that the case should be dismissed. Four days later, the trial court adopted the magistrate's decision. Reed timely brings this appeal.
 {¶ 3} On appeal, Reed argues that the Ashtabula Municipal Court's ruling "that only the owner of the property could bring an action on a rental contract" violated his right to contract under Section 10, Article I of the United States Constitution ("No State shall * * * pass any * * * Law impairing the Obligation of Contracts").
 {¶ 4} By signing the contract leasing the premises to Hallgren, Reed was necessarily acting as an agent for his stepson, the owner of the property. Under the Ohio statute of frauds, an agent is required to have written authority to enter into a lease agreement on behalf of his principal. R.C. 1335.04
("No lease * * * shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."); Edified Developers, Inc. v.Gillombardo's Broardview, Inc. (Jan. 2, 1992), 8th Dist. No. 59674, 1992 Ohio App. LEXIS 9, at * 7; McEldowney v. Taylor
(Aug. 25, 1980), 11th Dist. No. 1000, 1980 Ohio App. LEXIS 13231, at *3. "If a lease is executed by an agent without authority, the lease is unenforceable, and it cannot be held good as a contract to make a lease as against the owner, except in the case of ratification or estoppel." McEldowney, 1980 Ohio App. LEXIS 13231, at *3-*4, citing Hodesh v. Hallerman (1933),45 Ohio App. 278, 281.
 {¶ 5} In the case before us, Reed signed the lease without written authorization from his stepson. The record is devoid of any evidence that the lease was ever ratified by Reed's stepson. Cf. The Lithograph Bldg. Co. v. Watt (1917), 96 Ohio St. 74, at paragraph four of the syllabus ("Generally, a ratification by the principal of the act of an agent not authorized in the manner and form required by statute must be by action of the character required to confer authority originally [i.e., in writing], and, if an agent be not authorized in the manner and form required by statute to execute a lease for real property, knowledge of his principal that the tenant is in possession and paying rent is not in and of itself sufficient to work either a ratification or estoppel").[1] Therefore, the lease is unenforceable.
 {¶ 6} For the foregoing reasons, the judgment of the Ashtabula Municipal Court is affirmed.
Judgment affirmed.
Ford, P.J., and Christley, J., concur.
[1] In response to Reed's constitutional arguments, we point out that laws requiring certain contracts to be in writing are not held to violate the right to contract. See, e.g., AtlanticCoast Line R.R. Co. v. Riverside Mills (1911), 219 U.S. 186, 202
("the power to make contracts may in all cases be regulated as to form, evidence, and validity as to third persons").