HUMPHREY W. ROGERS AND OTHERS v. WILLIAM BRACKEN'S, ADM'R.

Where the constituent in a power of attorney to sell real estate, took from the Attorney, at the date of the delivery of the power, a receipt signed by the latter only, explaining the object for which the power was given, in a suit by the Administrator of the constituent against purchasers from the Attorney to recover the land, it was held that the receipt was admissible in evidence, when offered by the defendants.

It is not a valid objection to the execution of a power of attorney to sell real estate, that the deed is made in the name of the Attorney, in his own right; and a bond for title, in same form, will be enforced, as a good execution of the power. The power of attorney had been duly recorded in this case.

Where a defendant in an action of trespass to try title, fails to suggest valuable improvements in his pleadings, he cannot be permitted to prove them on the trial.

See this case as to the basis of a claim for valuable improvements under possession in good faith.

Appeal from Guadalupe.

*J. Ireland,* for appellants.

*Thornton* and *Brewster & West,* for appellee.

LIPSCOMB, J.  This suit was brought by the appellee, to recover a tract of land, patented by the Government to the deceased William Bracken.  The defendants claimed title to the land sued for, under bond for title from A. Neil, executed by him in his own right.  Andrew Neil came in by agreement and was made a party, and claimed the right to sell the land, and claimed and showed a power of Attorney which had been recorded, from Bracken to him, which is as follows, *i. e.*

THE STATE OF TEXAS, ⎱  Know all men by these presents,
   *Gonzales County.* ⎰  That I, William Bracken, of the County of Jackson, do make, constitute and appoint Andrew Neil, of Guadalupe County, my true and lawful Attorney in fact, for me and in my name, place and stead, to take possession of, and to bargain, sell and convey, all or any part or parcel of the tract or parcel of land held by me, by Patent, on the south-west side of Guadalupe River, about seven miles above Seguin, in Guadalupe County, and known as Survey No. 23, and containing 23,525,350 square varas, or about four thousand one hundred and sixty four acres, as the same is set forth and described by the field notes and Patent ; and for my said Attorney to execute for me such deeds of general warrantee as will pass the title of the same to any person whomsoever, and to have the same so made, proven and recorded, in as full and ample a manner as I could do were I personally acting ; for all of which this shall be a full warrant and power.

(Signed)               WILLIAM BRACKEN, [L. S.]
Witnesses : WM. HESS JONES and S. B. CONLEY.

Neil called upon the opposite party to produce a receipt of his to Bracken, alleging the same to be in their possession, whereupon it was produced and read to the Jury, and evidence was offered to the Jury, and given, to show that the receipt was given at the time of the execution and receipt by him of the power of attorney, before recited.  There was no objection made by the plaintiff to the evidence, and the

object of offering it was to show that it was a part of and explained the object of the power of attorney. The receipt is as follows, *i. e.*, "I have this day received a power of attorney "from Wm. Bracken, for the sale of his tract of 4164 acres "above Seguin, the object of which is to compromise with Wells "or his assignees, as to the suit between him and Bracken, and "then to sell the land, so as to reserve to Bracken, clear of "all costs, fees or charges, except whatever may be necessary "to pay the compromise, say 2000 acres, at one 25-100 dollars, "an average out of the whole tract, which I can dispose of "under the power of attorney, accounting therefore at all "times to that sum ; or not to sell. April 16th, 1850. "(signed) A. Neil." Evidence was offered to show that the receipt was found with the papers of the deceased, after his death.

The Court was asked to charge the Jury, that if this receipt was given at the time of the executing and delivery of the power of attorney, it should be taken with it, to construe its meaning, which was refused. The Court told the Jury, without any motion to that effect, that the receipt was withdrawn from them ; which charge was excepted to and is now assigned for error.

We believe that if the receipt was given at the time of executing the power of attorney, and received by Bracken without contradicting or objecting to it, it ought to have gone to the Jury as explanatory of, and as constituting a part of it.—There was evidence conducing to show, that Bracken was satisfied with it, and whether it was so received by him, was a matter of fact to be found by the Jury. It was important, as showing the price at which Neil was to sell and account to his principal, or not to sell at all.

Believing that the Court below erred in not permitting the receipt to go as evidence to the Jury, and that the judgment must be reversed upon this ground, we might stop here ; but as this case must go back to the Court below for a new

trial, we will examine another ruling of the Court to the Jury, in its charge. The Jury were charged, " that if Neil had sold " the land and given his bond for title, (by which we under " stand, had not disclosed his principal,) they must find for the " plaintiff, as such bond conveyed no title to the defendants." This, in a strictly English Common Law Court, is doubtless correct. At one time, those Courts were so very strict as to make a distinction, even where the principal was disclosed in the act of the Attorney, between A. B., by his Attorney, C. D., and C. D. Attorney for A. B. This strictness is believed to be no longer adhered to, and it is not thought material, so that the name of the principal is disclosed ; and it has been so held by this Court. In our Courts, however, no distinction is known between the law and equity, in the administration of rights and remedies. If the defendants have rights such as entitle them to a remedy, they are entitled to the remedy, without the slighest regard to what name the right or the remedy may be called in other tribunals, differently organized. In this case, Neil acted under a power of Attorney recorded, with full power to sell, and if he had made a sale without disclosing the name of his principal, the principal could be compelled to abide by the sale, as the notice of the power of attorney was record notice, and the purchaser would be presumed to purchase under the influence of that notice. And in this case, where he had given bond for title, there can be no question that in the absence of fraud between the Attorney in fact and the purchaser, by suit against Neil and his principal, the party holding the bond could compel a specific performance of the bond. We believe, therefore, that in this ruling too, the Court erred, because there was no defect in the power to sell, but only a defect in the execution of the power, which will always be aided on the principles of equity jurisprudence, if it pleases better to call it equity rather than law.

There was no error in the Court refusing to instruct the

Jury, that those of the defendants who did not suggest improvements in good faith, were not entitled to be allowed compensation for their improvements. Nor was it error to refuse such proof, where the suggestion had not been made by plea, because the probata cannot extend beyond the allegata. It is however believed, that the Court erred on its own hypothesis, that Rogers' bond from Neil gave him no right; if so he was not entitled to compensation for improvements, he not holding by title derived from the Government, and if Neil had no right to sell, his unauthorized sale of Bracken's property could not be a possession in good faith, (see the cases of Robson v. Osborn, 13 Texas, and Pitts v. Booth, and Johns & Upshur v. Pace, the present Term.) We believe, for the errors above declared, the judgment must be reversed and the cause remanded to the Court below, for further proceedings.

Reversed and remanded.