## J. L. FISHER v. O. P. BOWSER.

PLEADING.—In a suit to enforce the specific performance of a contract to convey land, it is not necessary to allege in the petition that defendant's agent, who made the contract, had written authority to sell the land. The allegation that defendant appointed the alleged agent to sell the land is sufficient to admit proof that the authority given was in writing, though it is not expressly alleged to be in writing.

APPEAL from Dallas.    Tried below before the Hon. Hardin Hart.

*Hancock, West & North*, for appellant, cited Cross *v.* Everts, 28 Tex., 533; 1 Pars. on Cont., 43; 2 Pars. on Cont., 292; 2 Kent Comm., 613; 11 Tex., 376; 18 Barb., 60; 5 Hill, 107; 4 Cushm., Miss., 309.

*Good & Bower*, for appellee.

ROBERTS, CHIEF JUSTICE.—The demurrer to the petition of plaintiff, J. L. Fisher, was sustained upon the ground that the contract set up in the petition, upon which a specific performance was sought to be enforced, was not alleged to be signed by O. P. Bowser, the defendant, but by "Ault, Jenkins & Ault, agents for O. P. Bowser," and it was not alleged that they had a written authority to sell the land as his agents.

As a question of pleading, the allegation that Bowser appointed the firm of Ault, Jenkins & Ault his agents to sell the land, is sufficient to admit proof that the authority given to them was in writing, although it is not expressly alleged to be in writing. (Cross v. Everts, 28 Tex., 523; Doggett v. Patterson, 18 Tex., 162; Dawson v. Miller, 20 Tex., 173.)

Another question behind this is, must it be shown in proof that the authority given to the agents to sell the land was in writing, signed by Bowser, or in writing at all? Our statute of frauds and fraudulent conveyances provides that "No action shall be brought  *  *  upon any contract for the sale of lands,  *  *  unless the promise or agreement upon which such action shall be brought or some memorandum thereof shall be in writing, and signed by the party to be charged therewith, or some person by him thereunto lawfully authorized." (Pas. Dig., art. 3875.)

The contract of sale must be in writing; and if the written contract is executed by an agent, he must be lawfully authorized to the extent of signing the contract for his principal. Can the agent be "lawfully authorized" to execute the contract of sale and sign it for his principal by a verbal appointment given to him by the principal? The statute does not expressly require it to be in writing, and the authorities, under statutes of frauds similar to ours, generally hold that it may be verbal. (2 Kent Comm., 612; 1 Pars. on Cont., 42; 1 Sudg. on Vend., 216; Story on Agency, 53; Lawrence v. Taylor, 5 Hill, N. Y., 112.)

When the authority of the agent is shown to be sufficient, he must execute the contract in a manner to bind his principal. It has been held that he may do so by signing his own name as agent for his principal, or by signing his principal's name and his own, as agent, annexed thereto. (Roberts v. Button, 14 Vt., 195; note to Story on Agency, 198; Story on Agency, sec. 152, 153, p. 179, 180.) These principles do not apply to an agency to convey land by deed.

In such cases also there may often be a question of fact arising out of the terms of the authority given, or from the nature of the business followed by the agent, as to the extent of authority given to the agent, and as to how it is to be executed or performed.   For if a person be appointed only to make a negotiation for a contract of sale, or to seek a purchaser, as is sometimes the case with land brokers, that would not embrace authority to such agent to execute a written contract of sale for his principal.   (Coleman v. Garrigues, 18 Barb., N. Y., 60.)

The questions here referred to in a general way must arise in the future determination of the case, as it is exhibited in the record, and therefore attention has been given to them, without making an authoritative decision thereon at present.

The point first alluded to, involving the question of pleading, is sufficient to reverse and remand the case.

REVERSED AND REMANDED.