[Civil No. 955. Filed March 30, 1906.]

[85 Pac. 245.]

R. ALLYN LEWIS et al., Defendants and Appellants, v. FRED HERRERA, Receiver of the International Bank of Nogales, a Corporation, Plaintiff and Appellee.

1. DEEDS—EXECUTION—REQUISITES—ACKNOWLEDGMENT — CERTIFICATION —REV. STATS. ARIZ. 1901, PAR. 725, CONSTRUED.—Under paragraph 725, *supra,* providing that "Every deed of conveyance of real estate must be signed by the grantor, and must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration," no deed, unless executed as therein provided, will operate to effect a conveyance of real estate.

2. FRAUDULENT CONVEYANCES—GIFT TO WIFE—ACTION TO SET ASIDE— REV. STATS. ARIZ. 1901, PARS. 725 AND 2698, CONSTRUED.—Paragraph 725, *supra,* provides that every deed of conveyance of real estate must be signed by the grantor and properly acknowledged. Paragraph 2698, *supra,* reads: "Every gift, conveyance, assignment, transfer, or charge made by a debtor which is not upon consideration deemed valuable in law shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this territory, subject to execution, sufficient to pay his existing debts. . . ." Where deeds of gift were made in 1903, but not acknowledged until 1904, and before such acknowledgment was made the grantor became indebted to plaintiff and had not sufficient property within the territory subject to execution to pay his existing debts, such deeds were void as to plaintiff.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

Affirmed. Opinion 208 U. S. 309, 52 L. Ed. 506.

The facts are stated in the opinion.

Street & Alexander, for Appellants.

The courts of states which have similar provisions to paragraph 725 of the Revised Statutes of 1901 have said that the acknowledgment was not a part of the deed. *Sicard's Lessee* v. *Davis,* 6 Pet. (U. S.) 124, 8 L. Ed. 342. To the same effect, see *McLain* v. *Canales,* (Tex. Civ. App.) 25 S. W. 29, 30; *Frank* v. *Frank,* (Tex. Civ. App.) 25 S. W. 819; *Kimmarle*

*v. Houston and T. C. Ry. Co.,* 76 Tex. 686, 12 S. W. 698-700;
construing the statute from which paragraph 220 of the Revised Statutes of 1887, which has been changed into paragraph 725 of the Revised Statutes of 1901, was taken; also,
*Holladay v. Dailey,* 1 Colo. 460-467.

The supreme court of Texas had given paragraph 2698 a construction prior to its adoption in 1887 by this territory, holding that no third party can question the validity of a conveyance from the husband to the wife, unless he was a creditor of the husband before the conveyance was made, or was a subsequent purchaser without notice. *De Garcia* v. *Galvan,* 55 Tex. 53; *Cole* v. *Terrel,* 71 Tex. 556, 9 S. W. 668; *Willis and Brother* v. *Smith,* 65 Tex. 656; *Lewis* v. *Simmons,* 72 Tex. 470, 10 S. W. 554. This Texas rule is also supported by the weight of authority. *Hagerman* v. *Buchanan,* 45 N. J. Eq. 272, 17 Atl. 946, 14 Am. St. Rep. 732, and authorities cited in same volume in note at page 750.

Selim M. Franklin, for Appellee.

There is a material difference in the intent of paragraph 725 of the Revised Statutes of 1901 and section 220 of the Revised Statutes of 1887, and the Texas statute of which paragraph 220 of the Revised Statutes of 1887 is a copy.

Paragraph 725 of the Revised Statutes of 1901 requires no construction. It provides that the deed must be signed and must be acknowledged. The purpose of the change in the language was to make the acknowledgment a prerequisite to the validity of the deed, as much as the signing. The state of Alabama has a statute similar to ours, and the supreme court of that state has uniformly held that a deed not acknowledged is void. *Hendon* v. *White,* 52 Ala. 597; *Chadwick* v. *Carson,* 78 Ala. 116; *Carlisle* v. *Carlisle,* 78 Ala. 542. To the same effect are: *Watson* v. *Herring,* 115 Ala. 271, 22 South. 28; *Eureka Lumber Co.* v. *Brown,* 103 Ala. 140, 15 South. 518; *Caperton* v. *Hall,* 83 Ala. 171, 3 South. 234; *Dugger* v. *Collins,* 69 Ala. 324; *Bank of Kentucky* v. *Jones,* 59 Ala. 123; *Lord* v. *Folmar,* 57 Ala. 615. For construction of similar statutes of other states, see *Smith* v. *Hunt,* 13 Ohio, 260, 42 Am. Dec. 201; *Clark* v. *Graham,* (Ohio) 6 Wheat. 577, 5 L. Ed. 334; *Summers* v. *White,* (Neb.) 71 Fed. 106, 17 C. C. A. 631; *Heelan* v.

*Hoagland,* 10 Neb. 511, 7 N. W. 282; *Hout* v. *Hout,* 20 Ohio St. 124.

DOAN, J.—On August 25, 1903, while R. Allyn Lewis and Lætitia M. Lewis, his wife, were in Germany, Lewis signed and delivered to his wife a deed of gift, conveying to her certain real property in Phœnix, Arizona. The deed was not acknowledged until January 9, 1904. On December 29, 1903, Lewis signed and delivered to his wife another deed, conveying to her as a gift the same property, but with a more accurate description, which second deed was also acknowledged on January 9, 1904. Both deeds were recorded in Maricopa County, Arizona, on the sixteenth day of January, 1904. In November, 1903, Lewis became indebted to the International Bank of Nogales, which indebtedness was subsequently, in June, 1904, sued on by Fred Herrera, the receiver of the bank, and merged into a judgment against Lewis. On August 25, 1902, Lewis was solvent, but on January 9, 1903, was insolvent. The suit at bar was brought by Herrera, receiver, to set aside the deeds and subject the property therein described to an execution under this judgment. It is admitted that there is no fraud in fact, or no intent in the mind of Lewis to defraud his creditors in the transfer made. The district court rendered judgment for the plaintiff upon an agreed statement of facts, submitted by the respective parties, and set aside the deeds and adjudged them to be void and of no effect against the plaintiff Herrera, and as against the levy on and the sale of the property under execution, under the judgment theretofore rendered in the case against Lewis in June, 1904. Appellant has assigned as error that "The court erred in rendering judgment for the plaintiff upon said statement of facts, and in holding that the transfer of the property by the deed, executed in Germany in August, 1903, by the husband to his wife, did not carry immediately the whole title to the premises, and in holding that until the same was acknowledged and recorded it was a legal fraud upon the creditors of the husband, arising and becoming such creditors after the signing and delivering of the deed, and before the acknowledgment."

There is but one question presented in this case, and that is the operative effect of the deed from Lewis to his wife,

dated August 25, 1903, as against the bank to which he became indebted in November following. The contention of the appellee herein is that under the laws of Arizona no conveyance of real property is valid, as to third persons, unless it is signed by the grantor and duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration; that the deed of August 25th, therefore, did not become effective as an instrument to convey title until it was acknowledged on January 9, 1904. This case presents a simple question of statutory construction. Paragraph 725 of the Revised Statutes of 1901 reads: "Every deed of conveyance of real estate must be signed by the grantor, and must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration." Paragraph 2698 reads: "Every gift, conveyance, assignment, transfer, or charge made by a debtor which is not upon consideration deemed valuable in law shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this territory, subject to execution, sufficient to pay his existing debts. . . ." The provisions of paragraph 725, above cited, seem to us to permit of but one construction. When it says that every deed and conveyance of real estate must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments and properly certified to by him for registration, it is equivalent to saying that no deed, unless executed as therein provided will operate to effect a conveyance of real estate.

This construction has been followed in the interpretation of a similar statute in Alabama by the supreme court of that state in *Hendon* v. *White*, 52 Ala. 597; *Chadwick* v. *Carson*, 78 Ala. 116; *Watson* v. *Herring*, 115 Ala. 271, 22 South. 28. The United States supreme court, in *Clark* v. *Graham*, 6 Wheat. 577, 5 L. Ed. 334, and the supreme court of Ohio, in *Smith's Lessee* v. *Hunt*, 13 Ohio, 260, 42 Am. Dec. 201, have also placed a like construction upon a similar statute. Neither the deed of August 25, 1903, nor of December 29, 1903, was effective to convey title, until acknowledged January 9, 1904; and before that date the bank became a creditor of the grantor, Lewis, and, as is admitted in the agreed statement of facts, Lewis was not then possessed of property within this

territory subject to execution sufficient to pay his existing debts. The deeds, being deeds of gift, were both void as to the bank, and as to Herrera, the receiver, under the provisions of paragraph 2698, above cited.

The judgment of the lower court is therefore affirmed.

SLOAN, J., and CAMPBELL, J., concur.

NAVE, J., having been of counsel in the case below, took no part.