### HLAWICZKA v. FITCH et ux.

#### No. 11808.

Court of Civil Appeals of Texas. Galveston.

Oct. 17, 1946.

Rehearing Denied Nov. 7, 1946.

**136**

A. L. Pierson, of Texas City, for appellant.

Magee & Gernsbacher, of Galveston, for appellee.

GRAVES, Justice.

Suit by E. H. Fitch and wife, Lorean Fitch, filed February 13, 1945, against Paul Hlawiczka, for specific performance of sales contract drawn by real estate broker, Harry E. Dorsett. Parties to contract are Paul Hlawiczka, Harry E. Dorsett, and E. H. Fitch and wife, Lorean Fitch. Contract named Hlawiczka as seller, and Fitch and wife as purchasers, and provided that seller pay 5% commission to agent, Harry E. Dorsett. The real estate broker signed the contract as follows: "Paul Hlawiczka by Harry E. Dorsett, Agent for Seller". Paul Hlawiczka, the defendant, did not sign the contract.

Plaintiffs alleged in their petition that Harry. E. Dorsett signed such contract as the duly authorized agent of defendant, and that it was later orally ratified, affirmed, and approved by him.

Defendant answered by special exceptions, general denial, and pleaded the statute of frauds as a special exception, and also as a defense. Such answer was sworn to by defendant. .

In a trial before the court without the aid of a jury, the court, on the 11th day of April, 1946, rendered judgment adverse to defendant. The trial court filed findings of fact and conclusions of law in support of its judgment.

While appellant states some six points of claimed error for reversal on appeal, the controlling ones of them are those that embody his contention that the statute of frauds, R.S.Article 3995, barred any recovery against him by the appellees, because the contract they declared upon had not been executed directly by himself, but by his claimed agent, the real estate broker, Harry E. Dorsett, who drew the instrument and signed the same as having been executed by appellant, seller, by Harry E. Dorsett, agent of seller.

His position is, flatly, that such agent had no authority under that statute, which he supports by citation of such authorities as these: R.S. Article 3995; Walker v. Keeling, Tex.Civ.App., 160 S.W.2d 310, 311, paragraphs 1, 2, 3, and 4; I Meachem on Agency, Sec. 180; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A. L.R. 216; 27 C.J., page 293, § 365; see also 37 C.J.S., Frauds, Statute of, § 210; Goen v. Hamilton, Tex.Civ.App., 159 S.W. 2d 231; Texas Bar Journal of March 1946, page 89, 1st column; Sorsby v. Thom, Tex. Civ.App., 168 S.W.2d 873, and cited cases.

Appellant's points, and especially those interposing the statute of frauds he so pled in bar of appellees' suit, are overruled, upon the finding and conclusion that such statute had no application to, hence did not rule the facts of, this case, and that the trial court's judgment so holding, and its findings of fact and conclusions of law supporting the same were not only fully supported in the evidence, but were correct as a matter of law.

No extended discussion is deemed necessary, since the trial court's findings Nos. 2 to 6, inclusive, and its conclusion of law No. 1 thereon, thus settle the appellant's contentions against him. They were as follows:

"2. That on or before the 22nd day of January, 1946, the defendant Paul Hlawiczka placed this property in the hands of Harry E. Dorsett, a licensed real estate agent, for sale, and authorized said Harry E. Dorsett to enter into a contract of sale with any one desiring to buy the property for the total sum of $1250.00, and verbally authorized said agent to execute a written memorandum of sale for him as his agent.

"3. I further find that the defendant, on the day before the contract of sale, which is marked Plaintiff's Exhibit No. 1, was executed, verbally informed the plaintiff that he was willing to sell the property in question, and that Mr. Dorsett was his agent, with whom negotiations would have to be conducted.

"4. I further find that the contract of sale, being plaintiff's Exhibit No. 1, was executed on the date therein named, by

plaintiff, and Harry E. Dorsett, as agent for the defendant, and that the terms thereof have not been complied with by the defendant, who refused to accept the earnest money, and the balance of the purchase price, and execute a deed.

"5. I further find that the plaintiff has fully complied with all of the terms of the contract of sale, and has repeatedly offered to tender the cash balance of the purchase price to the defendant, who has refused to accept it.

"6. I further find that the particular property in question is advantageously located for plaintiff's purposes, and that he had plans and specifications drawn for this particular property, and that he had secured material for his particular structure he was to erect on the property.

"Conclusions of Law. 1. From the foregoing, I conclude that Harry E. Dorsett was the duly authorized agent of the defendant, Paul Hlawiczka, to enter into a contract of sale for the property in question, and that in executing the contract of sale, being plaintiff's Exhibit No. 1, the said Harry E. Dorsett acted for, and bound the defendant, Paul Hlawiczka."

These authorities, cited and relied upon by the appellee, are thought to fully sustain the trial court's action: Daugherty v. Wiles, Tex.Com.App., 207 S.W. 900; Donnell v. Currie & Doheney, 66 Tex.Civ.App. 134, 131 S.W. 88, 89; Godfrey v. Central State Bank of Abilene, Tex.Civ.App., 5 S. W.2d 529; Harrison v. Amador, Tex.Civ. App., 9 S.W.2d 279; Huffman v. Cartwright, 44 Tex. 296; Kadane v. Clark, Tex.Civ.App., 134 S.W.2d 448; Marlin v. Kosmyroski, Tex.Civ.App., 27 S.W. 1042; Norris Bros. v. Mattinson, Tex.Civ.App., 145 S.W.2d 204; Reed v. Hester, Tex.Com. App., 44 S.W.2d 1107; Sargent v. Barnes, Tex.Civ.App., 159 S.W. 366; Simpson v. Green, Tex.Com.App., 231 S.W. 375; Tex. Jur., Vol. 33, p. 591, par. 148; Vol. 38, p. 725, par. 51; Texas Statutes, R.C.S. Art. 3995; Tex.Jur., Vol. 2, p. 400, par. 16; Vol. 20, p. 316, par. 107; Vol. 38, p. 660, par. 13.

Without further discussion it is ordered that the judgment be affirmed.

Affirmed.