R. C. HOOVER V. C. G. WUKASCH ET AL.

No. A-3668. Decided January 14, 1953.
Rehearing overruled February 25, 1953.
(254 S. W. 2d Series 507)

*Critz, Kuykendall, Bauknight & Stevenson* and *F. L. Kuy-kendall,* all of Austin, for petitioner.

The Court of Civil Appeals erred in holding that the conveyance was valid and binding upon petitioner, since it was for a term of more than one year and was not signed by the parties nor their agent who was authorized in writing and was never ratified by them. It also erred in holding that the occupancy of the premises by the petitioner and acceptance of rentals by respondents took the conveyance out of the requirements of Article 1288; that the description of the premises was sufficient to identify the property conveyed, and that the allegations of respondents' (plaintiffs') petition sufficiently alleged a cause of action for an anticipatory breach. Zimpleman v. Keating, 72 Texas 318, 12 S.W. 177; Clegg v. Brannan, 111 Texas 367, 234 S.W. 1076; Miller v. Hodges, 260 S.W. 168.

*Louis Scott Wilkerson,* of Austin, for respondent.

In reply to propositions of petitioners cited Sorsby v. Thom,

122 S.W. 2d 275; Crutchfield v. Donathon, 49 Texas 691; Texas Co. v. Burkett, 117 Texas 16, 296 S.W. 273.

Mr. Justice Calvert delivered the opinion of the Court.

C. G. Wukasch and wife, Emma Wukasch, and their son, Walter Wukasch, as agent, sued R. C. Hoover for damages for breach of a lease contract.

The contract on which the suit was based was dated July 1, 1948, was signed "C. G. Wukasch Emma Wukasch By Walter Wukasch, Agent in Fact," and for a recited consideration of $23,040.00, payable $360.00 per month for the first two years and $400.00 per month for the remainder of the contract period, leased to Hoover for a five year period beginning October 1, 1948, and ending September 30, 1953, "all those improvements and that parcel of land located at 2270 Guadalupe Street, in the City of Austin, County of Travis, and being the same property now occupied by lessee herein as a tenant of lessors." The record reflects that after having occupied the premises involved for two years, paying the stipulated rental, Hoover vacated the premises and refused to make further payments.

After certain admissions had been requested and made and the depositions of Walter Wukasch and R. C. Hoover had been taken, both parties moved for summary judgment. The plaintiffs' motion was refused and the defendant's motion was granted. Judgment was rendered that plaintiffs take nothing by their suit. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause to that court for further proceedings. 247 S.W. 2d 593.

The principal grounds on which the trial court granted the defendant's motion for summary judgment and which are urged here by the defendant-petitioner as reasons for reversing the judgment of the Court of Civil Appeals and affirming the judgment of the trial court, are: (1) The lease contract was an instrument of conveyance within the terms of Article 1288, Revised Civil Statutes, and by the terms of such article was void because the agent executing the same on behalf of the lessors was not "thereunto authorized by writing" as required by such article. (2) The description of the premises was insufficient to comply with the requirements of Article 3995, sec. 4, R.C.S., the statute of frauds.

In connection with his first contention the defendant asserts

that inasmuch as the lease was not valid as a conveyance it could only be made enforceable, under the rule laid down in Hooks v. Bridgewater, 111 Texas 122, 229 S.W. 1114, 15 A.L.R. 216, by his (the lessee's) acts in taking possession, paying the required consideration and making valuable improvements. He then points out that he has paid only a part of the consideration, was already in possession when the contract was executed, and has made no valuable improvements; and asserts that since he could not enforce the lease against the plaintiffs they cannot enforce it against him because at the time the contract was made there was an absence of mutuality of remedies. We do not believe the issues are as involved as defendant makes them appear.

■ A lease of land for more than one year has been held to be a conveyance of land, governed by the provisions of Article 1288. Dority v. Dority, 96 Texas 215, 71 S.W. 950, 952, 60 A.L.R. 941; Starke v. J. M. Guffey Petroleum Co., 98 Texas 542, 86 S.W. 1,3; Robertson v. Scott, 141 Texas 374, 172 S.W. 2d 478. That article provides that a conveyance of land shall be "subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing." It is undisputed that Walter Wukasch had oral but no written authority from his parents, the owners of the premises, to execute the lease on their behalf. Under the provisions of Article 1288 the instrument could not and did not operate as a valid conveyance of the premises.

But Article 1301, Revised Civil Statutes, 1925, declares: "When an instrument in writing, which was intended as a conveyance of real estate, or some interest therein, shall fail, either in whole or in part, to take effect as a conveyance by virtue of the provisions of this chapter, the same shall nevertheless be valid and effectual as a contract upon which a conveyance may be enforced, as far as the rules of law will permit." Under this statute it has been held that an instrument having all the essential elements of a conveyance but failing as such because it was neither acknowledged by the grantor nor attested by subscribing witnesses would be enforced as a contract to convey, Howard v. Zimpelman, Tex. Sup. Ct., 14 S.W. 59; and that an instrument executed by husband and wife and purporting to convey community property would be enforced as a contract to convey although it was ineffective as a conveyance because the name of the husband did not appear in the granting clause. Magee v. Young, 145 Texas 485, 198 S.W. 2d 883. In the case last cited it was said in the opinion of the Court of Civil Appeals (196

S.W. 2d 203,205,206) that "Article 1301 means what it says or it doesn't," and that "Evidently the concluding phrase of the article 'as far as the rules of law will permit,' means that the instrument shall be enforceable as a contract unless such construction should be in conflict with some positive enactment, such as the statutes governing the sale of the homestead, the Statute of Frauds, * * * and others that might be named." Thus it will be seen that in other fact situtaions this Court, relying on the provisions of Article 1301 as authority therefor, has enforced, as contracts, instruments in writing intended as conveyances but failing as such because not complying with statutory or other legal requirements. Is there any less reason for holding that the instrument here involved is enforceable as a contract to lease? We think not. There is but little authority squarely in point.

Our conclusion finds support in the case of Martin v. Texas Co., 89 S.W. 2d 260, by the Fort Worth Court of Civil Appeals. In that case a deed was signed "J. G. Eustis, by his atty. W. G. Eustis." W. G. Eustis had oral but no written authority to execute the deed as agent or attorney for J. G. Eustis. The Court upheld the validity of the deed principally on the ground that the evidence showed as a matter of law that W. G. Eustis and J. G. Eustis were partners and therefore no written authority was needed to make the deed a valid conveyance, but citing Article 1301 as authority, said, alternatively, that the instrument "was valid and effectual as a contract upon which a conveyance of legal title might have been enforced." The writ history of that case shows that a writ of error, later dismissed by agreement of the parties, was granted on other assignments only, although there was in the application an assignment challenging the correctness of that particular holding.

We are supported also by the holding of the Supreme Court of Arizona in the case of Murphy v. Brown, 12 Ariz. 268, 100 Pac. 801, where the question arose on a point of evidence. The opinion reflects that Arizona had statutes identical with our Articles 1288, 1301 and 3995, that state having adopted the statutes from Texas. The admisison in evidence of an instrument in writing was objected to on the ground that it was not effective as a lease because the agent who signed it was not authorized to do so by writing. After noting that the statute of conveyances required the agent's authority to be in writing but that the statute of frauds did not, the court said: "It is equally clear that the instrument is not a valid and effective lease by

reason of the fact that it is for the term of more than one year, is subscribed by an agent of the disposing party, not thereunto authorized by writing, and furthermore, because it is not acknowledged. Lewis v. Herrera, 10 Ariz. 74, 85 Pac. 245. We have therefore an attempted lease which is not a legal conveyance of the leasehold interest, but which complies with all the conditions imposed upon a valid contract for a lease. By paragraph 732 (identical with our Art. 1301) above quoted, there is legislative authority that an ineffective conveyance may nevertheless be an enforceable contract for a conveyance. This attempted conveyance, not being invalidated by reason of the provisions of paragraphs 2696 (identical with our Art. 3995), is enforceable by reason of paragraph 732 (Art. 1301). It follows that the relation between Brown and Murphey is not in law that of landlord and tenant, but is such in equity; that is to say, the relation is not that which would be created by a legal lease, but is that created by the existence of a mutually enforceable contract to lease. The legal consequence of this relation is that the instrument in question is not admissible as a legal lease, but is admissible as a valid contract to lease."

■ Treating, then, the instrument involved as a contract to lease, by force of the statute, we know of no rule of law unless it be the statute of frauds, that might be urged as a bar to its enforcement. But is the statute of frauds a bar? Obviously not, for under the statute of frauds, Article 3995, sec. 4, " a contract for the sale of real estate or the lease thereof for a longer term than one year" may be enforced against the grantor or lessor if the contract be in writing "and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized." An agent may bind his principal to a contract for the sale or lease of land although his authority to act rests only in parol. Fisher v. Bowser, 41 Texas 222, 223; Huffman v. Cartwright, 44 Texas 296, 299; Godfrey v. Central State Bank of Abilene, Tex. Civ. App., 5 S. W. 2d 529, 536, reversed on other grounds, Tex. Com. App., 29 S. W. 2d 1015; Marlin v. Kosmyroski, Tex. Civ. App., 27 S. W. 1042 (no writ history); Houston Oil Co. of Texas v. Payne, Tex. Civ. App., 164 S. W. 886 (writ refused); Tynan v. Dullnig, Tex. Civ. App., 25 S. W. 465, on rehearing, 25 S. W. 818, (writ dism.); Burris v. Hastert, Tex. Civ. App., 191 S. W. 2d 811, 814, (writ refused); Hlawiczka v. Fitch, Tex. Civ. App., 197 S. W. 2d 135 (writ ref. N.R.E.).

As authority for his position that the instrument would not be enforceable as a contract to lease, the defendant cites the

case of Wineburgh v. Toledo Corporation, 125 Ohio St. 219, 181 N.E. 20, 82 A.L.R. 1315. In that case the Supreme Court of Ohio held that an instrument in writing, ineffective as a lease because it was witnessed by only one witness and the acknowledgment was faulty, would not be enforced as a contract to lease. It was said that to hold otherwise would tend "to nullify the statutory requirements relating to the execution of such instruments * * * and the statute would be wholly ineffective in accomplishing its purpose." In so far as the Ohio court's refusal to enforce the lease rests upon the defect in the acknowledgment it is in direct conflict with this court's holding in Howard v. Zimpleman, supra. Moreover, it does not appear that Ohio had a statute comparable to our Article 1301 or to its counterpart in Arizona upon which that court's decision was based. The absence of such a statute clearly distinguishes the Ohio case.

From what has been said it follows that the instrument made the basis of this suit was enforceable against the lessors as a valid and binding contract, and the summary judgment cannot be permitted to stand on the ground that there was a want of mutuality of remedies.

■ Neither do we believe that the trial court's judgment may be sustained on the ground that the description of the property is insufficient to meet the requirements of the statute of frauds. The rule is now well settled that a writing will be held sufficient in this particular if it furnishes "within itself, or by reference to some other existing writing, the *means or data* by which the particular land to be conveyed may be identified with reasonable certainty." Wilson v. Fisher, 144 Texas 53, 188 S.W. 2d 150, 152; Pickett v. Bishop, 148 Texas 207, 223 S.W. 2d 222,224. The writing here not only gave the particular location of the property "at 2270 Guadalupe Street, in the City of Austin, County of Travis" but by the expression "and being the same property now occupied by lessee herein as a tenant of lessors" it provided the means or data by which the property could be located on the ground with certainty. While we are cited to no Texas case and have found none precisely in point, this type of description has been held sufficient in other jurisdictions. See cases cited in footnotes 18 and 19, 40 Am. Jur. 663, in support of the rule there announced that "a description of land sold as that which the purchaser or a third person is in possession of or as that on which one of the parties resides has been held sufficient to

satisfy the statute." See also cases cited in Annotation in 23 A.L.R. 2d 6,61-64.

As indicative of and supporting an opposite conclusion the defendant relies principally on the cases of Wilson v. Fischer, 144 Texas 53, 188 S.W. 2d 150 and Hereford v. Tilson, 145 Texas 600, 200 S.W. 2d 985. In Wilson v. Fisher the description in the contracts of sale was a "brick duplex & garage apt located at 4328-30 Cedar Springs * * * Room at back not included." The contract of lease with option to purchase involved in Hereford v. Tilson described the property as "lying and being situated in the City of Dallas, and County of Dallas, State of Texas, and being the real property and buildings located at 1805 South Haskell, Dallas, Texas." The phrase "now occupied by lessees herein as a tenant of lessors" found in the contract in this case did not appear in the writing in either of the foregoing cases and is a vital point of distinction.

Defendant contends that the phrase just quoted does not make the description sufficient because at various times, as plaintiff's tenant, he had been in possession of different areas of space, the location of each and all of such areas being known as 2270 Guadalupe Street. This fact but fortifies our holding that the language of the writing was sufficient to identify and make certain the premises covered by the lease. The premises leased were those "now occupied by lessee" rather than those occupied by lessee at some other time and on some other occasion. At the time the contract was executed the defendant as lessee was then in possession of certain property of the plaintiffs. That was the property leased. The "means or data" for locating the property on the ground was contained in the writing and was definite and certain. This was all that was required to make the writing comply with the statute of frauds.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 14, 1953.

Associate Justice Culver not sitting.

MR. JUSTICE SMITH, joined by Justices Brewster and Griffin, dissenting.

The majority opinion admits that under the provisions of Article 1288, Revised Civil Statutes, 1925, the instrument in-

volved in this suit could not and did not operate as a valid conveyance. This admission renders it unnecessary to discuss authorities or reasons upholding the contention of petitioner that the instrument is a conveyance.

The mandatory provisions of Article 1288 cannot be rendered a nullity by taking the position as the majority has in this case wherein it holds that Article 1301 is applicable.

The majority opinion has nullified the mandatory provisions of Article 1288 by holding that the instrument is enforceable as a contract to lease by virtue of Article 1301, Revised Statutes, 1925. With this I cannot agree. Nothing could be more positive than Article 1288, which provides that a conveyance must be in writing and signed by the party conveying the interest in the land, or by an agent authorized in writing to do so. I agree with the majority opinion wherein it states: "Under this statute (Art. 1301) it has been held that an instrument having all the essential elements of a conveyance but failing as such because it was neither acknowledged by the grantor nor attested by subscribing witnesses would be enforced as a contract to convey," but I contend that the instrument involved does not contain all the essential elements of a conveyance, in that it was not signed by the owners, Mr. and Mrs. Wukasch, and was only signed by the agent, Walter Wukasch, who was without written authority to do so. The only Article applicable is 1288. The case of Young v. Magee, 196 S.W. 2d 203, cited by the majority, says that:

"Art. 1301 is the last article in the comprehensive Title 31 on Conveyances, * * *. Various and sundry articles of the Title deal with the form and requisites of deeds, setting out a suggested type of deed; other articles relate to conveyances of the homestead and of the separate estate of the wife. *Manifestly intended by the legislature as a saving clause in the event some technical provision of the statutes with reference to conveyances should be omitted or overlooked in a deed, it provides* that if the instrument intended as a conveyance should fail, 'either in whole or in part', to take effect as a conveyance, still it shall be valid as a contract upon which a conveyance may be enforced *as far as the rules of law will permit.*"

I do not think the Legislature intended to classify the mandatory provisions of Article 1288 as being "technical provisions." The Court did not so hold in Young v. Magee, supra, for the reason that it was not passing upon a factual situation such

as we have here. Evidently, if the Court had been dealing with such a situation, it would have held the instrument unenforceable because to do otherwise would be in direct conflict with the positive provisions of Article 1288.

This Court granted a writ of error in the case of Young v. Magee, supra, and affirmed the judgment of the Court of Civil Appeals. The deed involved in that case was signed by one John W. Hoff, but his name did not appear in the body of the deed. The Court, speaking through Mr. Justice Hickman, stated that "In order to determine what effect, if any, should be given to the Hoff deed, it is necessary that we first decide whether the property was the separate property of Mrs. Hoff or the community property of her and her husband." The Court held that the property was the community property of the Hoffs, and, after pointing out that the deed had been signed by the parties and that the only defect was the fact that the name of Mr. Hoff did not appear in the body of the deed, applied the rule announced in Ruling Case Law, Vol. 27, p. 316, § 8, which states:

"Frequently an instrument in the form of a conveyance is ineffectual to operate as such by reason of some technicality of law. In such instances courts of equity have not hesitated to treat the agreement as a contract to convey if the equities of the case so require. Thus a deed based on a valuable consideration but ineffectual to operate as a conveyance is treated in equity as a contract to convey."

In the case at bar we have an entirely different factual background. The instrument involved here was not signed by the party disposing of the interest in the land. Nor was it signed by an agent authorized in writing to do so.

It has been argued that "Article 1301 means what it says or it doesn't." I say that Article 1288 means what it says and its effect cannot and should not be destroyed by giving effect to Article 1301, which was manifestly enacted as a "saving clause" in order to do equity where some technical defect appeared in the instrument. Article 1288 was enacted by the Legislature in 1840, and Article 1301 apparently was not enacted until sometime between 1873 and 1879. Most assuredly this later act had a purpose, but I contend that its purpose and only purpose was to take care of such a situation as appeared in the case of Young v. Magee, supra, and many other Texas cases. All the Texas cases applying Article 1301, in my opinion, are those dealing with instruments signed by the owners and containing all the

essential elements of a conveyance and would have operated as a conveyance but for *technical defects*. (Emphasis added) Not one Texas case has passed on the question involved here.

The majority opinion cites the case of Murphey v. Brown, 12 Ariz. 268, 100 Pac. 801, which seems to support the conclusion that an instrument which does not conform to the provisions of Article 1288, may, nevertheless, be enforceable as a contract to lease. While it is true, the State of Arizona patterned its statutes on the subject after the Texas statutes, I think the conclusion reached by the Arizona court is clearly wrong and should not be followed. The opinion quotes Paragraph 721 (same as Article 1288) and Paragraph 726 (identical with our Article 1301) then makes the holding as stated in the majority opinion. Then follows the statement: "In adopting the quoted paragraphs from the statutes of Texas in 1887, we took them already so interpreted," citing Huffman v. Cartwright, 44 Texas 296. This case does hold that "written authority is not necessary to enable an agent to bind his principal in an executory contract for the sale of lands," but following such holding, the Court poses a question, as follows: "Can Cartwright's estate be bound by such an instrument?" Then follows the following significant statement: "The case of Rogers v. Bracken, 15 Texas 564, holds that such a title bond may be enforced against the principal, although not named or alluded to, *but it is to be observed that the agent in that case acted under a full power of attorney, duly recorded,* and the courts say that the purchaser will be presumed to purchase under the influence of this record notice. Without any intention of questioning the authority of the case just cited, it is proper to remark that it does not extend to a case where the agent acted without written and recorded authority." (Emphasis added)  In view of the fact that this question had not been discussed or briefed by either party, the court refrained from deciding the question, but invited its thorough examination, should it arise in another trial.

The language used by the court strongly indicates that it was the opinion of the court that an instrument not signed by the owner of land, or by an agent duly authorized in writing to do so, could not be held to be enforceable as a contract to convey, and that Article 1301 would have no application.

I am of the opinion that the case of Wineburgh v. Toledo Corporation, 125 Ohio St. 219, 181 N.E. 20, 82 A.L.R. 1315, and the annotation thereunder, support the contentions of petitioner

122

that the instrument here involved would not be enforceable as a contract to lease. Reference is here made to Chapter 5, Sections 12210 and 12211, Throckmorton's Ohio Code, Annotated, 1940, and Article 5867, R.S. State of Ohio. It seems to me that these sections and article of the Ohio statutes had the same purpose as Article 1301.

Since the lease was a conveyance, Article 1288, the statute governing conveyances, should apply. And Article 3995, which is a part of Title 65, relating to "Frauds and Fraudulent Conveyances", should not apply.

The petitioner has paid all rentals due at the time he vacated the premises. The defective lease involved in this case created a tenancy in the lease from month to month; and, "where the tenant occupying under such lease vacates the premises at the end of a month, after fully prepaying the rentals then due, he is not liable to the lessor for the rental installments accruing after such vacation, in an action at law based upon such defectively executed lease."

From what has been said it follows that the instrument made the basis of this suit is not enforceable against the petitioner as a valid and binding contract, and the trial court correctly granted petitioner's motion for summary judgment.

My view on the point discussed renders it unnecessary to pass upon the question involving the sufficiency of the description of the property mentioned in the lease.

The judgment of the Court of Civil Appeals should be reversed and that of the Trial Court affirmed.

Opinion delivered: January 14, 1953.

Associate Justices Brewster and Griffin join in this dissent.