Lelon H. WOLFE, Appellant,

v.

Nell BROWN et vir, Appellees.

No. 3814.

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1960.

C. O. McMillan, Stephenville, for appellant.

H. W. Allen, Hamilton, for appellees.

TIREY, Justice.

Mrs. Nell Brown, joined by her husband, brought this suit (trial non-jury) against her former husband, Lelon H. Wolfe, for the specific performance of a written agreement to convey real etstate and for enforcement of a valid and subsisting judgment of a Court awarding such real estate to plaintiff in the District Court of Lea County, New Mexico, wherein she obtained a decree granting her a divorce and for partition and division of the community property of herself and her former husband. Owing to the fact that the settlement agreement involved the transfer of a tract of land of 170 acres in Hamilton County, Texas, plaintiffs made the Veterans' Land Board of the State of Texas a party defendant, and the Attorney General answered in behalf of said Board. Pertinent to this discussion, plaintiff, in her petition, alleged the filing of the suit for divorce, and for partition of their community property, and the adjudication thereof in the District Court, Lea County, New Mexico, and particularly set out that in connection with said divorce proceedings that the parties, by written agreement dated October 28, 1959, executed a contract, and approved by their respective attorneys, wherein they entered into a full and complete property settlement which was a final and complete agreement between the parties as to their property; that said agreement was filed among the papers of the case and attached a copy of said settlement agreement to their petition, and the settlement agreement was made a part of the Court's decree. The agreement provided that Mrs. Brown should take the following items:

"(a)  All household furniture belonging to the parties;

"(b)  The 1949 Ford automobile;

"(c)  The equity of the parties in the 170-acre farm located near Hico, Texas."

The contract further provided that Mrs. Brown is to assume the outstanding purchase price obligation against this farm and is to save second party harmless from any obligations thereon. The contract further provided that Wolfe is to receive as his separate property, free and clear of any claims by first party, the following items:

"(a)  The equity of the parties in the 1960 Chevrolet automobile belonging to the parties;

"(b)  Cash in the First National Bank, Hico, Texas, in the approximate amount of $100.00;

"(c)  Retirement benefits accumulated by defendant with his employer in the approximate amount of $168.00;

"(d)  The life insurance policy covering the life of the defendant by the American National Life Insurance Co.;

"(3)  The parties hereto agree to make such deeds, assignments or other evidence of transfer as are necessary to effect the complete vesting of title of said property as above set forth."

The contract further provided:

"The parties hereto agree that this contract may be made a part of any divorce decree granted to either party. * * * The parties hereto assert that they have made full disclosure each to the other of their community property and that they both had the advice of counsel before entering into this agreement."

Plaintiff's petition further averred that after the property settlement agreement was agreed to that she later obtained a divorce from her former husband, and that thereafter she fully performed her part of the property settlement agreement, and the decree of the Court, and that her former husband, defendant herein, received and accepted from her all of his right, title and interest in the property set apart to him in the agreement, and that the decree of the Court granting a divorce in New Mexico approved the property settlement and decreed accord-

ingly. In the decree entered in the District Court in Hamilton County in this cause, we find substantially the following recital: The Court finds and concludes that the land and premises involved in this suit is the separate property of plaintiff, Nell Brown, and concludes that the facts and law are with Nell Brown, and that plaintiff, Nell Brown, joined by her husband, Kenneth Brown, should have judgment over and against the defendant, Lelon H. Wolfe, for specific performance of the decree of the District Court of Lea County, New Mexico, which decree adopted the property settlement agreement between the parties, which property settlement was fully set out in plaintiff's original petition, and that defendant, Wolfe, be required and ordered by judgment of this Court to properly execute, sign, acknowledge and deliver to plaintiff, Nell Brown, an assignment of contract of Veterans' Land Board contract of sale and purchase in accordance with Article 5421m, Vernon's Ann. Revised Civil Statutes of Texas, and particularly Section 17 thereof, assigning to Mrs. Brown, her heirs, executors, administrators and assigns forever, all the right, title and interest of the defendant in his contract of sale and purchase with the Veterans' Land Board of Texas, as the defendant had previously bound himself to do by virtue of the property settlement agreement, and as defendant, Wolfe, was bound to do by the judgment of the District Court of Lea County, New Mexico, and the Court further found that said judgment was entitled to full faith and credit in the State of Texas. The Court then decreed that the defendant, Lelon H. Wolfe within thirty days from and after "this 11th day of July, 1960," convey to Nell Brown, all his right, title and interest in and to the land described in that certain contract of sale and purchase dated January 27, 1954, recorded in Vol. 166, Page 503, of the Deed Records of Hamilton County, Texas, "being the 167.7 acres of 1 and more or less out of the O. A. Cook Survey contracted to be purchased by the said Lelon H. Wolfe," such conveyance to be subject to all of the rules and regulations of the Veterans' Land Board of Texas and in accordance with the Article 5421m, Vernon's Ann.Rev.Civ.St. of Texas.

The decree further provided that in the event said Wolfe failed or refused to sign, execute and deliver such assignment of contract conveying all his right, title and interest in the tract of land in question, and all improvements thereon, to Nell Brown, within thirty days from and after the 11th day of July, 1960, then and upon such failure or refusal of said Wolfe so to do as ordered, that in such event the "full and entirety" to the title of said land and improvements as it existed under said purchase contract, together with the rights of possession thereon, shall be "and the same is hereby divested out of the said defendant, Lelon H. Wolfe", subject to the rules and regulations of the Veterans' Land Board of the State of Texas, together with the full exclusive rights of possession thereof, same shall be, and the "same is hereby vested in said plaintiff, Nell Brown, and for which the said plaintiff, Nell Brown, may have her writs" as may be necessary to obtain relief. The land is described in the decree by metes and bounds.

Appellant assails the judgment on five points. Point three is to the effect that the trial court erred in rendering judgment for specific performance of a purported agreement to transfer land where the instrument sued on is insufficient under the provisions of Article 1288, R.C.S., 1925, Vernon's Ann.Civ.St. art. 1288, and is unenforceable under the provisions of Article 3995, Subdivision 4, R.C.S., 1925, Vernon's Ann.Civ.St. art. 3995, subd. 4.

Point two is to the effect that the trial court erred in rendering judgment for specific performance of a purported contract which is void and unenforceable because it does not comply with the terms of Article 5421m, R.C.S.1925, as amended.

We overrule each of these points for reasons which we shall hereinafter briefly state.

This record is without dispute that the only land or equity in land owned by Mrs. Brown and her former husband, defendant Wolfe, at the time of the settlement agreement and the divorce decree, was the land in controversy in Hamilton County, and the ownership thereof was stated in writing, as well as reference to an existing indebtedness which was outstanding against the land, and we think the property settlement agreement and the judgment of the district court in Lea County, New Mexico, and the extrinsic evidence tendered, were sufficient under Article 3995, Subdivision 4, and Article 1288 of the R. C.S. of 1925, the State of Texas, to identify this land in Hamilton County, and our view is that the Court did not err in ordering specific performance. In Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 223, our Supreme Court had before it a contract of conveyance wherein the memorandum provided: "20.709 acres out of the John Stevens 640 acre survey in Tarrant County, Texas," and in the body of the instrument it had the description "my property" which appeared in the face of the memorandum under consideration. Judge Smedley, in discussing this matter said:

"The settled rule in this state is that such a description, by reason of the use in the memorandum or contract of such words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum." Citing a long list of cases.

Our Supreme Court has not seen fit to change this Rule.

Since this record is without dispute that the tract of land in Hamilton County was burdened with a loan existing in favor of the Veterans' Land Board, and since Mrs. Brown testified to the effect that neither she nor her former husband owned any land anywhere else, except this particular tract, and at the time they executed a property settlement agreement, and at the time the divorce suit was granted, we think that under the record here made that this factual situation brings this action within the foregoing Rule announced by our Supreme Court. See also Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308; Hoover v. Wukasch, 152 Tex. 111, 254 S.W.2d 507. See also Porter v. Bell, Tex.Civ.App., 287 S.W.2d 333, n. r. e.; Jones v. Smith, Tex. Civ.App., 231 S.W.2d 1003, n. r. e.; Shook v. Parton, Tex.Civ.App., 211 S.W.2d 368, pt. page 371, n. w. h.

We have made a careful examination of this record and we think the undisputed testimony as disclosed by the recitals which we have heretofore given of this factual situation, brings this action within the foregoing pronouncements of our Supreme Court. The record here shows beyond all doubt that the plaintiff and defendant entered into a settlement agreement with reference to their community property; that each was fully cognizant of the terms of such agreement, and it was duly signed by each of them, and was approved and signed by their respective attorneys. The record here shows that the settlement agreement was made a part of the decree entered by the District Court in New Mexico, and the defendant, Wolfe, received his full share of the community property in accordance with the settlement agreement and the divorce decree. The record likewise shows that Wolfe failed and refused to perform the settlement agreement, and the decree of the District Court, and accordingly is seeking to keep his former wife from receiving her share of their community property. Article 1301 of our R.C.S., 1925, Vernon's Ann.Civ.St. art. 1301, provides:

"When an instrument in writing, which was intended as a conveyance of real estate, or some interest therein, shall fail, either in whole or in part, to take effect as a conveyance by virtue of the provisions of this chapter, the same shall nevertheless be valid and

effectual as a contract upon which a conveyance may be enforced, as far as the rules of law will permit."

Our Supreme Court had the foregoing Article before it for consideration in Magee v. Young, 145 Tex. 485, 198 S.W.2d 883, 885, and there we find this statement:

"In order to satisfy the demands of justice, courts of equity will indulge in presumptions and even pure fiction. For examples, under proper facts, they will (a) presume a grant where none is proved, * * * and will (b) create a trust contrary to the intentions of the parties to the transaction, * * *.

"For the same purpose and upon like reasoning such courts, under proper facts, will treat an instrument in writing, having the form of a deed but which cannot be given effect as such, as if it were a contract to convey. This principle has become statutory law in this state, Art. 1301, R.C.S., 1925, and has been applied in numerous cases."

We have previously stated that the appellees here went to trial on their original petition for specific performance and that it specifically plead settlement agreement between the parties, and that the divorce decree entered in the District Court of Lea County, New Mexico, was entitled to full faith and credit by the Texas Court. There was no exception levied or urged against the appellees' pleading. "In the absence of special exception the petition will be liberally construed in the pleader's favor and to support the judgment." Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 515, points 1 and 2, page 515, 141 A. L.R. 50. It is our view that under this record defendant Wolfe is attempting to re-litigate the issue as to who shall have the title to the farm land in Hamilton County, which issue he has previously settled by his agreement, and which issue was settled by the decree of the District Court in Lea County, New Mexico. Defendant's attempt to re-litigate the issue is contrary to and is in conflict with our judicial history. Moreover, it is now settled law that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties, although the second suit relates to different subject matter. (A situation that does not here exist.) It is also accordingly well settled that an issue of fact necessary for determination of issues in a prior case, and a judgment entered thereon creates an estoppel by judgment against re-litigation of the same issue. See Grimes v. Maynard, Tex.Civ.App., 270 S.W.2d 282, w. ref., writ of certiorari denied by Supreme Court of United States, 349 U.S. 904, 75 S.Ct. 580, 99 L.Ed. 1241. It follows from what we have said that we are of the view that the judgment of the trial court must be affirmed. We have carefully considered each of appellant's assignments, and each is overruled. The judgment of the trial court is affirmed.