Jerry Q. STUBBS, Appellant,

v.

Robert C. STUART, Appellee.

No. 500.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 9, 1971.

Gordon L. Ginn, Miller & Ginn, Houston, for appellant.

Jack L. Penman, Penman & Koelsch, Houston, for appellee.

SAM D. JOHNSON, Justice.

Robert C. Stuart, the plaintiff-lessor, brought this suit against Jerry Q. Stubbs, the defendant-lessee, to recover $750 in accrued monthly rental payments under a written lease agreement. The defendant admitted the execution of the lease agreement but defended the suit on the ground that plaintiff had not exercised reasonable diligence in attempting to relet the property in order to mitigate the damages. Trial was to the court without the intervention of a jury. The trial court made findings of fact and conclusions of law. The trial court made two findings which are pertinent here: (1) that the plaintiff-lessor did not have a duty to mitigate his damages by using reasonable efforts to relet the premises under these circumstances, and (2) that the plaintiff did use reasonable efforts to relet the premises. Judgment was rendered for the plaintiff-lessor in the sum of $750.00. The defendant-lessee has appealed.

The defendant-lessee contends in his first point of error that the trial court erred in failing to find as a conclusion of law that the plaintiff-lessor had a duty to exercise reasonable diligence to relet the property in question in order to mitigate his damages. In the second point of error the defendant contends that the trial court's finding that the plaintiff-lessor did use reasonable efforts to relet the premises in question under the circumstances was against the great weight and preponderance of the evidence.

On October 15, 1968, the plaintiff-lessor entered into a written agreement with the defendant-lessee to lease for a monthly rental of $375 certain premises in Houston, Harris County, Texas. The lease was for a period of two years beginning January 1, 1969. The defendant abandoned the premises prior to April 1, 1970, and failed to pay the rent for the months of April and May, 1970. The plaintiff-lessor did not relet the premises prior to June 1, 1970. Plaintiff-lessor's instant suit was for the two months rental due for April and May, 1970, only.

Defendant's first point of error is overruled. The abandonment of the premises by the plaintiff did not end the contract or the defendant-lessor's rights under said contract. See Willis v. Thomas, Tex.Civ. App., 9 S.W.2d 423, err. dismd; Goldman v. Broyles, Tex.Civ.App., 141 S.W. 283, no writ hist.; Robinson Seed & Plant Co. v. Hexter & Kramer, Tex.Civ.App., 167 S.W. 749, err. ref. The lessor was at liberty to either treat the lessee's conduct as a breach of the contract resulting in termination of the lease and hold the lessee for damages, or disregard the notice, keep the contract alive and sue for rents accruing thereafter. Wukasch v. Hoover, Tex.Civ.App., 247 S. W.2d 593, affd, 152 Tex. 111, 254 S.W.2d 507. In the instant case the lessor elected to sue for the rents accruing from the date

of abandonment until the date the lessor relet the premises.

In view of the foregoing we need not consider defendant's remaining point of error. The judgment of the trial court is affirmed.

Affirmed.

TUNKS, C. J., not participating.