The People's Building, Loan & Savings Co. *v.* McIntire et al.

*Landlord and tenant — Validity of lease — Acknowledgment and attestation — Section 8510, General Code — Tenancy under void lease.*

1. A lease of real property for a term of one year with an option of renewal for four consecutive years is an interest in real property within the purview of Section 8510, General Code, requiring acknowledgment and attestation.
2. Such a lease is void when not properly acknowledged and attested, and a lessee in possession thereunder is a tenant from year to year, at the will of the lessor, and subject to all the provisions of the lease excepting duration.

(Decided May 16, 1921.)

Appeal: Court of Appeals for Warren county.

*Mr. Howard W. Ivins,* for plaintiff.

*Mr. R. J. Shawhan,* for defendant Chester Campbell.

*Messrs. Closs & Luebbert,* for defendant Albert L. Berger.

HAMILTON, P. J. The plaintiff in this cause brought an action to foreclose a mortgage held by it on the premises described in the petition. Defendant Albert L. Berger, claiming rights under a lease to the premises in question, was made a party defendant.

The controversy here grows out of the rights of the defendant Albert L. Berger, under and by virtue of a contract of lease entered into with the defendant Clark S. McIntire, the mortgagor, who, prior to this action had sold the premises to Chester Campbell, one of the defendants herein. Berger filed an answer and cross-petition, in which he claims an interest in the lands by virtue of the claimed leasehold and asserts that such interest is of the value of $500 and that a sale in foreclosure will destroy his interest and leave him without a remedy, and alleges that he has offered to satisfy the judgment obtained in the foreclosure proceeding by the plaintiff, and stands ready to pay same, and asks for an order that he may be permitted to satisfy the judgment, and be subrogated to the rights of the plaintiff, or that in lieu thereof his interests be determined and he be paid such interest out of any moneys remaining after the satisfaction of plaintiff's judgment.

A copy of the agreement is attached to the answer and cross-petition.

It appears that this agreement was entered into the 26th day of December, 1916, by and between defendants Clark S. McIntire and Albert Berger.

The rights of Berger are determined by the following provision in the agreement:

"To have and to hold the same for a term of one year from March 1st, 1917, to March 1st, 1918. Said second party (Berger) shall have the privilege, and may, by written notice to said first party (McIntire) on or before the first day of January of each year, after January, 1917, elect to continue this agreement in force from year to year for four additional terms of one year each, viz.: from March 1st, 1918, to March 1st, 1919; from March 1st, 1919, to March 1st, 1920; from March 1st, 1920, to March 1st, 1921; and from March 1st, 1921, to March 1st, 1922, on the following terms and conditions, to-wit:  *  *  *."

Berger entered into possession under this agreement and occupied and farmed the premises under the terms thereof, and continued in possession, either by giving the notice provided therein, or by waiver, until March 1, 1919.   On February 27, 1919, McIntire notified Berger, in writing, that he had sold the premises.   The contract for the sale of the premises to Campbell was made about this time.   Without objection from McIntire, or from the purchaser, Campbell, Berger continued in possession of the premises for the succeeding two years.   On the 17th day of September, 1920, in accordance with the contract of sale, McIntire executed a warranty deed to the purchaser, Campbell. December 21st Berger notified both McIntire and Campbell that he would retain possession of the premises for the year beginning March 1, 1921, and ending March 1, 1922, as provided in his contract. On December 30, 1920, Campbell, the then owner,

notified Berger, in writing, that he desired possession of the premises; that he, Berger, would not be permitted to have the premises from March 1, 1921, to March 1, 1922; and ordered Berger to vacate.

The agreement, under which Berger claims his right to the premises for the year beginning March 1, 1921, and ending March 1, 1922, was not acknowledged by the parties, nor signed by two witnesses, and was not recorded. It is contended by Campbell that the lease comes within the provision of Section 8510, General Code, requiring it to be acknowledged and witnessed, while it is claimed by Berger that the lease comes within the class of temporary leases, is under Section 8517, General Code, and that these formalities are not necessary. This places the defendant in the anomalous position of claiming rights under a lease, exercised more than three years subsequent to its execution, and, yet, insisting on being within the class of temporary leases. Berger could have no rights under the lease unless he is protected by the option, which he seeks to exercise four years after the execution of the agreement. The option provided in the lease for four consecutive years must be held to be "an interest in real property," and would bring the lease within Section 8510 of the statutes, requiring acknowledgment and attestation of the same. His rights must, therefore, be determined under Section 8510 and not under Section 8517. What then are Berger's rights under the lease? An unrecorded, valid lease, properly executed, is binding on the parties, and on third parties with notice. *Wright* v. *Franklin Bank,* 59 Ohio St., 80.

The failure to record the lease could have no

effect. Placing on record a lease which is void because not executed in conformity with the statute, does not have the effect of constructive notice of its terms to third parties. *Fulton* v. *Doty,* 63 Ohio St., 603, and *Langmede* v. *Weaver,* 65 Ohio St., 17.

In the case of *Richardson* v. *Bates,* 8 Ohio St., 257, the court held in the first paragraph of the syllabus:

"That the answer, setting up that the indenture was not attested nor acknowledged by the lessor, and therefore did not convey the term, and that the lessees were not indebted for any rent under the indenture, stated facts sufficient to constitute an equitable, and therefore a perfect, defense under the code."

A lease exceeding three years, not acknowledged or attested, is void as a lease. *Bridgmans* v. *Wells,* 13 Ohio, 43, and *B. & O. Rd. Co.* v. *West,* 57 Ohio St., 161.

While it has been held that such instrument might operate as a contract for a lease, and would empower a court of equity to direct that a valid lease be executed, that proposition is not before us. The defendant Berger stands on the lease in question as it now exists. The rule is that where a lessee enters into possession of the demised premises under a lease, for a term of years, at an annual rent, if the lease for any cause be void, he becomes a tenant for a year at the rent reserved in the lease, and subject to all of its provisions except its duration. *B. & O. Rd. Co.* v. *West,* 57 Ohio St., 161.

In the case of *Toussaint Shooting · Club* v. *Schwartz,* 84 Ohio St., 440, the court laid down the rule in clear and concise terms, when it held that a

lease for a term of five years, with privilege of renewal, not executed or acknowledged as required by law, was not a paper entitled to record, and, therefore, did not convey an estate for the term, but only from year to year at the will of the parties.

The cases of *Richardson* v. *Bates* and *Toussaint Shooting Club* v. *Schwartz, supra,* were commented on and cited with approval by the supreme court in the case of *Lithograph Bldg. Co.* v. *Watt,* 96 Ohio St., 74. Under the rule thus laid down, Berger held the premises as tenant from year to year at the will of the parties. He was notified by the lessor, in February, 1919, that he had sold the premises, and to whom he had sold. Notwithstanding the sale, Berger was permitted to continue as such tenant from year to year for the succeeding two years. Thereupon, in December, 1920, he was notified by the purchaser that his tenancy would cease on March 1, 1921.

Under the facts and the law, as above stated, Berger's rights ceased March 1, 1921, and he is not entitled to hold over.

The conclusion is that he has no interest in the premises to protect, and is therefore not entitled to discharge the judgment of the plaintiff building, loan and savings company, and be subrogated.

The relief prayed for by Berger in his answer and cross-petition will be denied; the answer and cross-petition will be dismissed; and the cause will be remanded to the court of common pleas for further proceedings.           *Decree accordingly.*

CUSHING and BUCHWALTER, JJ., concur.