Jones, J.
 

 This is an action at law brought by a landlord against his tenant for the recovery of damages for breach of a lease indenture signed by the parties, the lease being for a term of five years, the rentals to be paid in monthly installments. It is conceded that the damages prayed for are the aggregate amount of unpaid rental installments called for by the terms of the indenture. Without the consent of the landlord the tenant, after fully paying all installments of rent then due, vacated the premises at the end of forty-six months and refused to pay future rentals. The lease indenture was defectively executed, being signed by but one witness. The acknowledgment was also defective.
 

 Said lease being for a term of more than three years it became subject to the requirements of Section 8510, General Code, which provides that such leases must be signed by the lessor and acknowledged by the “lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation.” There was but one witness to this indenture. Such being the case, under the well-recognized rule heretofore adopted by this court, no recovery can be had in an action at law upon the defective instrument. In the case of
 
 Richardson
 
 v.
 
 Bates,
 
 8 Ohio St., 257, the syllabus reads as follows: “The answer, setting up that the indenture was not attested nor acknowledged
 
 *222
 
 by the lessor, and therefore did not convey the term, and that the lessees were not indebted for any rent under the indenture, stated facts sufficient to constitute an equitable, and therefore a perfect, defense under the code.”
 

 Since that decision was made this court has held that an entry by a lessee under a lease, defectively executed, for a term of years, at ah annual rental, creates a tenancy only from year to year; if at a monthly rental, the tenancy created is from month to month.
 
 Baltimore & O. Rd. Co.
 
 v.
 
 West,
 
 57 Ohio St., 161, 49 N. E., 344;
 
 Lithograph Building Co.
 
 v.
 
 Watt,
 
 96 Ohio St., 74, 117 N. E., 25;
 
 Toussaint Shooting Club
 
 v.
 
 Schwarts,
 
 84 Ohio St., 440, 95 N. E., 1158.
 

 It is insisted by counsel for defendant in error that, although this be an action at law, it is not one for rentals, but for damages for breach of contract, and, as the prayer of the petition is for damages, an attempt is made to distinguish the case from
 
 Richardson
 
 v.
 
 Bates, supra.
 
 This argument is not tenable. The action is founded upon the defective indenture, and it is upon that indenture and its proof that the plaintiff must rely in order to recover. Furthermore the petition shows that, notwithstanding plaintiff prays for damages by reason of the breach of the agreement, the amount asked for is the exact amount of the accrued installments of rent payable under the void instrument. Calling the unpaid rentals *‘ damages ’ ’ does not change the character of the action, which clearly shows that whatever breach there was arose from the nonpayment of rentals.
 

 In its opinion the Court of Appeals stated that, while recovery could not.be had in an action at law upon the lease, since the defective lease had been signed by both of the parties, it nought be regarded as a contract. The court said: “In other words, a written instrument in form a lease, signed by both the lessor and lessee, although invalid as a lease, is none
 
 *223
 
 the less a contract upon which a cause of action at law arises in favor of the lessor for a breach thereof by the lessee.”
 

 That statement of the law is not only not in accord with the former decisions of this court, but it tends to nullify the statutory requirements relating to the execution of such instruments; for if a recovery can be had upon defective as well as upon valid instruments properly executed, then there would be no necessity of obeying the mandate of the statute. Under the theory adopted by the Court of Appeals recovery could be had whether the statute was complied with or not, and Section 8510, General Code, would be wholly ineffective in accomplishing its purpose.
 

 Whether reformation or other equitable remedy is available to the landlord under this or similar circumstances, it is not necessary to decide in this action, for that question is not here presented.
 

 The judgment of the Court of Appeals will be reversed and that of the common pleas court affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.