Taft, J.,
dissenting. As the majority opinion apparéntly recognizes, the principal question, to be considered in determining whether to reverse the judgment of the Court of Appeals in the instant case is whether a lease for two years with an option in the lessee to renew the lease on certain specified terms for a period of three additional years is, within the meaning of Sections 8572-25 and 8572-73, General Code, quoted in the majority opinion, “a lease for a term not exceeding three years. ” It is conceded that, to use the words of Section 8572-25, there was “actual possession under the lease,” and that, to use the words of Section 8572-73, “the land” was “in the actual possession of the lessee.”
The precise provisions of the lease with respect to renewal read as follows:
“Said lessor hereby grants unto said lessee the option to renew this lease for a ftirther term of three years, commencing on the expiration of the term aforesaid, and ending on the 31st day of January A. D. nineteen hundred and fifty, for a yearly rent of twelve hundred dollars ($1,200) payable in monthly installments of one hundred dollars ($100) each on the first day of each and every month, in advance, subject to all the other terms and conditions of this lease', pro *419 vided however, that notice of the exercise of such option shall be given by said lessee to said lessor at least 30 days before the expiration of the term of this lease.” (Emphasis added.)
If this court has not previously decided the question, as to whether -or not a lease for less than three years with an option to renew or extend the lease for an additional number of years is only a lease for a “term not exceeding three years,” the weight of authority in other jurisdictions on that question should be persuasive in determining the decision of this court on that question. If this court has previously decided that question, then such weight of authority should be persuasive in determining that question only if the reasons given in support of the decisions and statements of textwriters, constituting such weight of authority, indicate the unsoundness of any decision previously reached by this court on that question. The majority opinion does not refer to any such reasons.
In his brief and in argument, appellant relied upon the decision of this court in Swetland & Sons Co. v. Bronx Realty Co.. 86 Ohio St., 313, 99 N. E., 1134, which affirmed without opinion the judgment of the Circuit Court for Cuyahoga county in the case of the same title reported in 17 C. C. (N. S.), 249, 32 C. D., 128.
The questions presented to this court for decision in the Swetland case are clearly disclosed by the report of the case in the Circuit Court where it is said in the court’s opinion:
“The parties stand in the relation opposite to that in which they stood below. There the action was for rent accrued under a writing of March , 1906, purporting to be a lease for three years commencing April 1, 1906, with an option to the tenant to renew or extend the same for another like period. The first cause of action is for rent for a period of actual occupancy by the *420 lessee, and as to this there is no dispute. The second cause of action is for later rent after the premises were vacated without cause. The judgment recovered for this rent is claimed to be erroneous because the lease being for a term exceeding three years, and hence not within the terms of Section 3112, Revised Statutes,[1] was not executed as required by Section 4106, Revised Statutes.[2] That the term exceeds three years is argued first, from the fact, that the three-year period contemplated commences in the future, and secondly, that it is subject at the tenant’s option to a renewal or extension for another three year period.
“We find ourselves unable to agree with either of these contentions. * * *
i 6 # # #
“On the other point, an examination of Toupin v. Peabody, 162 Mass., 473, and of the other authorities cited, fails to disclose any clear authority, nor do we perceive any reason, for holding that the demise of the term is invalidated by annexing thereto a conditional agreement to lease the property for an additional period. ’ ’ (Emphasi s added.)
The Circuit Court stated, in discussing the contention that the lease was “for a term exceeding three years ’ ’ because the three-year term commenced in the future, that it was not “deciding what the rights of innocent purchasers or other third parties might be, nor what force the option might have if it were sought to be exercised” since those questions were not involved. It may be suggested that, because of this, the *421 Swebland case merely decided that, as between the parties to the lease, the lease there involved was not one "for a term exceeding three years.” However, this court has consistently held that any defectively executed lease "for a term exceeding three years” is not enforcible for the term specified even as between the parties. Richardson v. Bates, 8 Ohio St., 257; Wineburgh v. Toledo Corp., 125 Ohio St., 219, 181 N. E., 20, 82 A. L. R., 1315. See, also, Baltimore & Ohio Rd. Co. v. West, 57 Ohio St., 161, 49 N. E., 344.
The Swetland case therefore definitely decided that a lease for three years with an option to renew or extend for an additional three years is only a lease for a “term not exceeding three years.” In affirming that judgment, this court necessarily and just as definitely so decided. There was no other ground upon which the judgment of the Circuit Court could have been affirmed.
Other decisions of this court, which tend to support a conclusion on the question involved in the instant case contrary to that reached by the majority, are Mack v. Eckerlin, 75 Ohio St., 627, 80 N. E., 1129, affirming without opinion, Mack v. Eckerlin, 17 C. D., 133; and Mills v. Connor et al., Trustees, 104 Ohio St., 409, 135 N. E., 616.
Obviously, the appellant in the instant case cannot contend that he is bound by the lease beyond its original two-year term without contending that the lease is one for five instead of for two years. The only existing tenancy under that lease, as indicated by the Swetland decision, was for two years, although the lessee may have had a right, enforcible against the original lessor, to a renewal of that lease for three more years. However, the two-year term of the'lease ran from February 1, 1945 to January 31, 1947. Since it was a lease for less than three years and the lessee was in possession, appellant took title, by reason of the ex *422 press language of Sections 8572-25 and 8572-73, General Code, quoted in the majority opinion, subject to such a lease, even though appellant was a “purchaser * * * for value and in good faith” and without notice of the lease. As a result, appellant was prevented from securing from the premises leased the reasonable rent which could have been secured therefrom and which substantially exceeded the rental provided for in the lease. Admittedly, he took steps to accomplish this in July 1946. He is certainly entitled to recover for any damages he thereby suffered by reason of his inability, as a result of the two-year lease extending to January 31, 1947, to realize from the premises covered by that lease the reasonable rental value thereof from July 1946 to the end of January 1947. Appellee expressly warranted against any such incumbrance.
It may be suggested that this court should not regard one of its decisions, rendered without opinion, as a precedent. To refuse to do so, however, would appear to be contrary to what was done in L. & M. Properties Co., Inc., a Taxpayer, v. Burke, Mayor, 152 Ohio St., 28, 36, 37, 86 N. E. (2d), 768.
Stewart, J., concurs in the forgoing dissenting opinion.

 As indicated by a reading of the balance of the opinion, 3112 should have read 4112. The latter section of the Revised Statutes is now Section 8517, General Code, reading in part: “Nothing in this chapter contained shall affect the validity of any lease * * * for any term not exceeding three years; or require such lease to be attested, acknowledged, or recorded."

 This section is now Section 8510, General Code. This section was in the same chapter of the Revised Statutes as Section 4112. Section 8510, General Code, is in the same chapter of the General Code as Section 8517, Section 8510 provides ia part: “A * * * lease of any estate or interest in real property must be signed by the * * * lessor and such signing be acknowledged by the * * * lessor in the presence of two witnesses who shall attest the signing and subscribe their names to the attestation. Such signing also must be acknowledged by the * * * lessor * *