THE WALTER C. PRESSING CO., APPELLEE, *v.* HOGAN, APPELLANT; ET AL., APPELLEE.

(No. 652—Decided April 19, 1954.)

*Messrs. Freeman & Freeman,* for appellee The Walter C. Pressing Company.

*Messrs. Young & Young,* for appellee Harriet Lawton.

*Messrs. Flynn, Py & Kruse* and *Mr. F. J. Stauffer,* for appellant.

FESS, P. J. This is an appeal on questions of law and fact from a judgment entered by the Common Pleas Court on behalf of the plaintiff, appellee herein. On May 1, 1943, defendant Harriet Lawton, as lessor, entered into a lease with defendant Gertrude Hogan, as lessee, for a certain room in a building

owned by defendant Lawton for the term of one year commencing May 1, 1943, and ending April 30, 1944, at a rent of $35 per month. The lease provided that the lessee should have the privilege of renewing it at any time before the expiration thereof for an additional term of two years upon the same terms and conditions; and the further privilege of renewing the lease before the expiration of such additional term for a second term of two years, with the option to the lessor to require the payment of $50 per month. This lease was duly executed as required by Section 8510, General Code, and was recorded. Under date of April 19, 1944, defendant Hogan in writing renewed the lease for the period from May 1, 1944, to April 30, 1946. Under date of April 27, 1945, defendant Hogan again notified defendant Lawton that she was renewing the lease and enclosed a check in the sum of $50 to cover the first month's rent. Although, pursuant to the terms of her lease, the lessee was not required to pay more than $35 per month until after the second renewal, she testified that she voluntarily paid such rental of $50 per month thereafter.

On March 1, 1946, the lessee again notified the lessor that she was renewing her lease of the premises as provided in the lease dated May 1, 1943. A few days later, under date of March 7, 1946, the lessor and lessee signed a so-called renewal lease agreement prepared by the lessee reciting that the parties agreed to the renewal of the lease dated May 1, 1943, "said renewal shall be for a period of five years from *the expiration date of the present lease* and at a rental of $50 per month payable monthly in advance." This renewal lease agreement was not executed in accordance with the provisions of Section 8510, General Code, nor was it recorded.

On March 12, 1951, the defendant Lawton entered into a lease with the plaintiff for the same premises for a period of three years from May 1, 1951 to April 30, 1954, at a rental of $100 per month.

Plaintiff brings its action for the purpose of obtaining a declaration of the rights, status and other legal relations of and between itself and the defendants Hogan and Lawton arising out of the lease of May 1, 1943, the so-called renewal lease agreement of March 7, 1946, and the lease of March 12, 1951,

and prays for a declaratory judgment that plaintiff is the valid lessee of the premises, that the lease of defendant Hogan has expired, and that the defendant Hogan has been a tenant under the plaintiff since May 1, 1951.

Defendant Hogan contends that the phrase in the renewal lease agreement—"five years from the expiration date of the present lease"—means five years from April 30, 1948, and she testified that it was the intention of the parties to the renewal lease agreement that such was the intention of the parties to the renewal lease agreement at the time it was made. She testified further that in reliance upon the five-year term, she expended in excess of $1,500 on the premises. Although the plaintiff had been a subtenant of defendant Hogan and had notice of the renewal lease agreement, it was advised by defendant Lawton that defendant Hogan was unwilling to pay the additional rent which defendant Lawton desired incident to a further renewal of the lease.

In *Corvington* v. *Heppert,* 156 Ohio St., 411, 103 N. E. (2d), 558, it is held that in a lease of real property for a definite length of time with an option of "renewal" by the lessee for a further term on the same basis, which lease contains no definition and explanation of the word "renewal," such word is generally to be treated as the equivalent of "extension" and operates, upon exercise of the option, to continue the original lease for the period provided therein, so that a new lease for the additional term is not necessary.

In the second paragraph of the syllabus, the court holds further that a lease for a specified number of years, coupled with an option to extend or renew it for an additional period, gives the lease effect as an original present demise for the full term for which it might be made inclusive, contingent on the election to extend or renew.

But in the instant case the renewal lease agreement was a separate instrument, purporting to demise the premises for an additional period of five years. Such unacknowledged instrument is not in accordance with the requirements of Section 8510 and the provisions of Section 8517, General Code. Cf. *Crawford & Murray* v. *Wick,* 18 Ohio St., 190, 98 Am. Dec., 103; *Gladwell* v. *Holcomb,* 60 Ohio St., 427, 54 N. E., 473, 71 Am. St. Rep., 724.

In her answer, defendant Hogan sets forth, *inter alia*, that upon obtaining the renewal lease agreement, she expended the sum of $1,800 in improving the premises, which allegation, to the extent of $1,500, she has supported by evidence, and she prays that the court enter a declaratory judgment finding the lease from defendant Lawton to be in full legal force and effect until April 30, 1953, and for such other and further relief as may be equitable.

The question for determination upon this appeal is whether defendant Hogan's retention of possession, continued payment of the rent and expenditure of some $1,500 in reliance upon the renewal lease agreement, entitled her upon equitable principles to possession for the full term of the renewal lease agreement, as she contends it should be construed.

In actions at law, entry and payment of rent under a defectively executed lease creates a tenancy from year to year, or from month to month, upon the terms of such lease, except as to duration.

*Baltimore & Ohio Rd. Co.* v. *West,* 57 Ohio St., 161, 49 N. E., 344; *Gladwell* v. *Holcomb, supra*; *Toussaint Shooting Club* v. *Schwartz,* 84 Ohio St., 440, 95 N. E., 1158; *Lithograph Bldg. Co.* v. *Watt,* 96 Ohio St., 74, 117 N. E., 25; *Wineburgh* v. *Toledo Corp.,* 125 Ohio St., 219, 181 N. E., 20, 82 A. L. R., 1315; *People's Bldg., Loan & Savings Co.* v. *McIntire,* 14 Ohio App., 28.

The Supreme Court recognizes, however, that a different principle is applicable in equity. *Richardson* v. *Bates,* 8 Ohio St., 257, at page 264; *Lithograph Bldg. Co.* v. *Watt, supra*; *People's Bldg., Loan & Savings Co.* v. *McIntire, supra,* at page 32. At law, part performance removes the lease from the operation of the statute of frauds to the extent that occupancy under a defective lease creates a tenancy not for the entire term, but from year to year or month to month, depending upon the terms of the instrument. Entry under a void lease, as in the case of holding over after the expiration of a valid lease, is equivalent to a new entry. *Baltimore & Ohio Rd. Co.* v. *West, supra.*

In equity, however, a lessee in possession and paying rent under a defectively executed lease is entitled to hold possession for the full term of the lease. *Parsons* v. *Weinstein, Trustee,*

19 Ohio App., 521; *Grundstein* v. *Suburban Motor Freight, Inc.*, 92 Ohio App., 181, 107 N. E. (2d), 366. Such holding in effect nullifies the plain provisions of Sections 8510 and 8517, General Code, because if recovery may be had upon a defective lease, the statute becomes wholly ineffective in accomplishing its purpose. Cf. *Wineburgh* v. *Toledo Corp.*, *supra*, at page 223. But there is a well-established principle that in equity part performance will remove a transaction under a defective instrument from the operation of the statute of frauds.

*Williams* v. *Pope*, Wright, 406; *Wilber* v. *Paine*, 1 Ohio, 251; *Waggoner* v. *Speck*, 3 Ohio, 293; *Grant* v. *Ramsey*, 7 Ohio St., 158; *Myers* v. *Croswell*, 45 Ohio St., 543, 15 N. E., 866; *France* v. *McKenzie*, 20 C. C., 209, 11 C. D., 245; *O'Brien* v. *Myer*, 8 Dec. Rep., 777, 9 W. L. B., 337; *La Bounty* v. *Brumback*, 126 Ohio St., 96, 184 N. E., 5; *Hodges* v. *Ettinger*, 127 Ohio St., 460, 189 N. E., 113; *Kemp* v. *Feldman*, 84 Ohio App., 154, 81 N. E. (2d), 319; 19 Ohio Jurisprudence, 614, 627, Section 90 *et seq.*

Defendant Hogan does not in terms seek reformation of the lease but prays for a judgment declaring her lease to be in full effect until April 30, 1953, and generally for other and further relief in equity. Reformation is not a prerequisite to granting equitable relief. *Globe Ins. Co.* v. *Boyle*, 21 Ohio St., 119, 130; *Grundstein* v. *Suburban Motor Freight, Inc.*, *supra.*

It is, therefore, concluded upon authority of *Parsons* v. *Weinstein*, *supra*, and *Grundstein* v. *Suburban Motor Freight, Inc.*, *supra*, that defendant Hogan, having retained possession, paid the rent and made the improvements, is entitled, in equity, to occupy the premises for the full term provided in the renewal lease agreement. We find also that defendant has established by a preponderance of the evidence that the phrase "for a period of five years from the expiration date of the present lease" was intended to mean from April 30, 1948. Defendant Hogan is, therefore, entitled to judgment declaring that she was entitled to occupy the premises in question until April 30, 1953, upon payment of the rent of $50 per month.

It is adjudged further that plaintiff shall pay to defendant Hogan rent for that portion of the premises occupied by plaintiff at the rate of $75 per month from May 1, 1951, to April 30, 1953; and that the defendant Hogan shall pay to defendant

Lawton rent at the rate of $50 per month from May 1, 1951, to April 30, 1953.

It is adjudged further that, upon request of defendant Lawton, defendant Hogan shall reconvert the premises into a single room at defendant Hogan's expense; and that the defendant Hogan shall have the privilege of removing from the premises such of her personal property as can be removed without damage to the realty.

*Judgment accordingly.*

CONN and DEEDS, JJ., concur.