CESTA, Appellee,

v.

MANFREDI, d.b.a. Manfredi Pizza, Appellant.

[Cite as *Cesta v. Manfredi* (1995), 101 Ohio App.3d 326.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5063.

Decided Feb. 21, 1995.

*Irene K. Makridis,* for appellee.

*James T. Saker,* for appellant.

JOSEPH E. MAHONEY, Judge.

In this accelerated appeal, defendant-appellant, Anthony J. Manfredi, d.b.a. Manfredi Pizza, appeals from a judgment of the Warren Municipal Court awarding plaintiff-appellee, Minnie Cesta, $4,381.

On December 14, 1991, appellant as lessee and appellee as lessor entered into a purported lease agreement for the lease of commercial property located at 922 Mahoning N.W., Warren, Ohio. The lease agreement provided:

"**TERM.** To have and to hold the same, with the appurtenances, unto the Lessee, for and during the term of five (5) years, beginning January 15, 1992 and ending January 15, 1997.

"**RENT.** Paying therefore, during the first year, the yearly rent of $8,400.00, payable in equal monthly installments of $700.00, beginning on the fifteenth day of January 1992 and on the first day of every calendar month thereafter for the month current therewith.

"It is mutually covenanted and agreed by and between the parties hereto that at the end of the first year hereby granted, and at the end of each subsequent year during the continuance of this lease, the rent shall be increased by a percentage equal to the increase in the consumer price index for such 12 month period immediately preceding.

"It is mutually covenanted and agreed by the parties hereto that the rent shall never decrease from year to year."

The lease agreement was signed by appellant, appellee, and two witnesses, but was not acknowledged or recorded.

Appellant took possession of the property in January 1992. On May 14, 1993, appellee filed a two-count complaint against appellant, claiming that he had breached the terms of the lease by failing to pay rent for the months of February through May. Appellee sought an eviction from the premises and monetary relief for past due and future rent, repairs and cleanup expenses, attorney fees, and costs. Appellant voluntarily vacated the premises on May 31, 1993, and the premises remained vacant until January 1994.

A hearing was held before a referee on appellee's second cause of action, wherein the referee determined that the purported lease agreement was defectively executed because it was neither acknowledged nor recorded as required by R.C. 5301.01, and that a month-to-month tenancy was created. Based upon the referee's findings, he concluded that appellant owed appellee $1,481: $1,600 in past due rent less $119 in interest earned on appellant's $2,000 security deposit held by appellee.

Appellee filed objections to the referee's report and a hearing was held. In a judgment entry dated March 15, 1994, the trial court concluded that appellant occupied appellee's premises under an implied contract for one year, and that appellant owed appellee $4,381: 6,500 in rent less a $2,119 credit for a security deposit and earned interest.

Appellant filed a timely notice of appeal and now presents one assignment of error for review.

In this sole assignment of error, appellant asserts that the trial court erred to his prejudice by ruling that the defectively executed lease created a year-to-year tenancy rather than a month-to-month tenancy. Appellant argues that the language of the defective lease agreement does not create five annual terms as to the payment of rent, but instead creates an annual term for the first year and then divides the final four years into monthly payment terms.

For support, appellant relies on *Radice Partners, Ltd. v. Angerman* (Jan. 16, 1991), Lorain App. No. 90CA004861, unreported, 1991 WL 6138. In *Radice Partners, Ltd.*, the plaintiff filed a complaint which alleged, *inter alia*, that defendant, lessee of a portion of plaintiff's shopping center, had breached the terms of a lease agreement and sought recovery of the rent owed on the remainder of the lease term. The lease agreement had a five-year lease term at monthly rental, but the lease was neither attested by witnesses nor acknowledged as required by R.C. 5301.01. The court held that the lease agreement was defectively executed, but that the defendant's possession of the property and payment for one month after plaintiff purchased the shopping center created a month-to-month tenancy. The court relied on *Delfino v. Paul Davies Chevrolet, Inc.* (1965), 2 Ohio St.2d 282, 31 O.O.2d 557, 209 N.E.2d 194, wherein the Supreme Court of Ohio held:

"A defectively executed lease for a term of five years upon monthly rental creates a tenancy in the lessee from month to month and, where the tenant occupying under such lease vacates the premises at the end of a month after fully prepaying the rentals then due, he is not liable to the lessor for the rental installments accruing after such vacation, in an action at law based upon such defectively executed lease. (*Wineburgh v. Toledo Corporation* [ (1932) ], 125 Ohio

St. 219 [181 N.E. 20], approved and followed.)" *Id.* at paragraph one of the syllabus.

In contrast, appellee argues that the purported lease was a year-to-year lease rather than a month-to-month lease because the lease called for an annual rent payable in monthly installments and, thus, appellant was responsible for rent due during the remaining months of 1993.

Neither party disputes the trial court's finding that the lease agreement at issue did not comply with the acknowledgement requirements of R.C. 5301.01 and, therefore, was invalid. Thus, the issue before this court is whether the language of the lease agreement created a year-to-year tenancy or a month-to-month tenancy.

"The well settled rule appears to be * * * that where the lessee enters into possession of the demised premises under a lease for a term of years at an annual rent, if the lease for any cause be void he becomes a tenant for a year at the rent reserved in the lease, and subject to all of its provisions, except its duration; and when his possession is continued into the next year, a tenancy from year to year is created, and continues so long as he enters upon a new year, until the end of the term; and this is so, though the rent be payable quarterly, or monthly, or at shorter periods. * * * " *Baltimore & Ohio RR. Co. v. West* (1897), 57 Ohio St. 161, 165, 49 N.E. 344, 345. Accord *Wineburgh, supra.*

Thus, the duration of the term is determinable by the provision for payment of rent, so a defectively executed lease providing for annual rent creates a tenancy from year to year, whereas a defective lease providing for monthly rent creates a tenancy from month to month. *Wineburgh,* 125 Ohio St. at 222, 181 N.E. at 21.

In the case *sub judice,* it is clear that under the first paragraph of the rent provision, the purported lease expressly provides for an annual rental of $8,400 for the first year, payable in monthly installments of $700. We find that it is equally clear that when this paragraph is read in context with the following paragraphs, the lease also provides for an annual rent for the remaining four years. The percentage increase equal to the increase in the Consumer Price Index added to each subsequent year did not change the rental terms, but accounted for anticipated inflationary adjustments. Thus, pursuant to *Baltimore & Ohio RR. Co.* and *Wineburgh,* the lease at issue here created a year-to-year tenancy since it provided for an annual rent. *Radice* and *Delfino* would not be applicable because the defective lease agreement involved in those cases provided for monthly rental terms. Hence, appellant's continued possession of the premises in 1993 created a year-long tenancy and obligated appellant to pay rental payments for the entire year despite his vacation in May.

Accordingly, appellant's assignment of error is without merit, and the trial court's judgment is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.