Plaintiff-appellant, Kathleen L. Stone, appeals from the Summit County Court of Common Pleas' entry of summary judgment in favor of Defendants-appellees, Rick and Terry Ghaster. We affirm.
On June 20, 1996, Ms. Stone injured her ankle when she attempted to sit on a bar stool at the Sunset Inn located at 1275 Norton Avenue in Norton, Ohio. Ms. Stone filed a complaint in negligence against Rick and Terry Ghaster to recover for the injuries that she sustained as a result of falling off an unattached seat on a bar stool. The Ghasters moved for summary judgment, and Ms. Stone responded. The trial court granted summary judgment in favor of the Ghasters.
Ms. Stone timely appeals and raises a single assignment of error.
ASSIGNMENT OF ERROR
 The trial court's grant of summary judgment was contra[sic] both the Rules of Evidence and the Civ.R. 56(C) standard.
Ms. Stone contends that the trial court erred in granting summary judgment in favor of the Ghasters because the lease that they submitted to demonstrate that they did not have control over the premises is not a valid lease. She further propounds that the lease presented by the Ghasters violated Evid.R. 1002 and Civ.R. 56. We disagree.
Pursuant to Evid.R. 1001(4) and Evid.R. 1003, a duplicate such as a photocopy does not violate Evid.R. 1002. In addition, Civ.R. 56 allows parties to submit as evidence "pleading(s), depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence * * *, and written stipulations." Accordingly, we do not find that the photocopy of a lease that was submitted by the Ghasters violates Civ.R. 56 or Evid.R. 1002.
Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it must be determined that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. As an appellate court, we review the matter de novo and afford no deference to the trial court.Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 743; Lorain Cty. Bd. of Commrs. v.United States Fire Ins. Co. (1992), 81 Ohio App.3d 263, 267. The party that moves for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact regarding essential elements of the nonmoving party's claim. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party has satisfied its burden, the nonmoving party bears a reciprocal burden to set forth facts demonstrating that there is a genuine issue for trial. Vahilav. Hall, 77 Ohio St.3d at 429, citing Dresher v. Burt, 75 Ohio St. 3
d at 293. When the nonmoving party fails to meet this burden once the moving party has met its burden, summary judgment may be appropriately granted in favor of the moving party. Dresher v. Burt, 75 Ohio St.3d at 293.
R.C. 5301.01 outlines the acknowledgment requirements for a lease of any interest in real property and a memorandum of trust. Nonetheless, a tenancy may exist when a lessee takes possession of the premises under a defectively-executed lease and pays rent. The Walter C. Pressing Co. v. Hogan (1954),99 Ohio App. 319, 322; Baltimore Ohio Railroad Co. v. West
(1897), 57 Ohio St. 161, paragraph one of the syllabus. The Supreme Court of Ohio has concluded:
 It is fundamental that to have a duty to keep premises safe for others one must be in possession and control of the premises. * * * the test to be applied in determining control has been expressed as "the power and right to admit people to the premises and to exclude people from it, and involves a substantial exercise of that right and power."
Simpson v. Big Bear Stores Co. (1995), 73 Ohio St.3d 130, 132, citing and quoting Wills v. Frank Hoover Supply (1986), 26 Ohio St.3d 186,188. In a case where the terms of a lease indicated that the lessee was responsible for the repair and maintenance of an elevator, the Supreme Court of Ohio held:
 A lessor of commercial premises is not liable to third parties for damages resulting from the defective condition of an elevator on the leased premises when the lessor was not in possession or control of the leased premises and the lessee agreed to keep the elevator in good working condition and repair.
Hendrix v. Eighth and Walnut Corp. (1982), 1 Ohio St.3d 205, syllabus.
In order to support their assertion that they did not have possession or control over the Sunset Inn in June of 1996, the Ghasters submitted evidence demonstrating (1) that they sold their business to N.R., Inc., in 1993; (2) that they started to lease the premises in 1993; and (3) that they were responsible for the maintenance of the exterior of the premises and the lessee, John Gheith, was responsible for the maintenance of the interior of the premises. Ms. Stone attempts to show that a genuine issue of fact exists regarding whether the Ghasters had possession or control over the premises based upon evidence revealing (1) that Mr. Ghaster had repaired bar stools at the premises until 1993; (2) that the lease was not recorded, notarized, or witnessed; and (3) that the Ghasters were still receiving installment checks for the purchase of their business. None of these factors indicate that the Ghasters had the power or right to admit or to exclude people from the premises. Therefore, there is no genuine issue of fact with respect to whether the Ghasters maintained possession or control over the premises. Accordingly, the Ghasters are entitled to judgment as a matter of law because without possession or control over the premises, they do not possess a duty to invitees such as Ms. Stone. We find that summary judgment was appropriately granted in favor of the Ghasters.
Ms. Stone's single assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., QUILLIN, J., CONCUR.